**In re TEXAS WORKERS' COMPENSATION INSURANCE FUND, Relator.**

**No. 01–99–00246–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 8, 1999.

Lynne Liberato, Kent Geoffrey Rutter, Patrice Pujol, Haynes & Boone, L.L.P., Houston, for Relator.

Philip J. Orth, III, Roy Huddle, Houston, for Real Parties in Interest.

Panel consists Justices HEDGES, ANDELL, and DUGGAN.*

**OPINION**

ADELE HEDGES, Justice.

Pursuant to Texas Government Code Section 22.221(b), the relator, Texas Workers' Compensation Insurance Fund, brings this petition for writ of mandamus seeking review of the trial court's order denying relator's motion to abate and plea to the jurisdiction. We deny the petition for writ of mandamus.

In September 1994, Billy Dunn sustained an injury to his "knee and body generally" while in the course and scope of his employment with Turner Brothers

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

Crane & Rigging. Dunn was covered by a workers' compensation insurance policy provided by relator. Under the terms of the policy, Dunn was entitled to income and medical benefits due to his injury. Relator initially paid the benefits.

On February 18, 1997, Dunn attended a benefit review conference and entered into a benefit dispute agreement. Under the agreement, relator and Dunn agreed that Dunn's gastrointestinal problems were related to the medication he was receiving because of his knee surgeries. The agreement stated: "[Dunn's] digestive/gastrointestinal problems are causally related to the injury—The carrier shall pay reasonable and necessary medical per the act." Despite the agreement and within two weeks, relator began denying payments for Dunn's gastrointestinal problems.

On March 3, 1998, Dunn and relator entered into another benefit dispute agreement. The parties agreed that Dunn was entitled to supplemental income benefits for the first quarter of 1998 in the amount of $1,434.90 a month. On August 25, 1998, the parties entered into another benefit dispute agreement, in which they agreed that Dunn was entitled to supplemental income benefits for the third quarter of 1998 in the amount of $1,434.90. All three agreements were signed by Dunn, by an attorney representing relator, and by a benefit review officer from the Texas Workers' Compensation Commission (TWCC).

Before the August 25, 1998 agreement, Dunn had sued relator alleging that relator did not timely pay the benefits it had agreed to pay and that relator unreasonably delayed paying the benefits it eventually did pay. Specifically, Dunn brought causes of action for bad faith, violations of the Texas Deceptive Trade Practices Act, and violations of the Texas Insurance Code. Relator filed a plea in abatement, plea to the jurisdiction, and motion to dismiss the case. The trial court denied relator's requested relief. That denial is the basis of the present mandamus.

This mandamus presents a narrow issue: Has Dunn exhausted his administrative remedy concerning his entitlement to benefits under the Texas Workers' Compensation Act? Relator contends that Dunn has not exhausted his administrative remedy because there was no final decision from the TWCC Appeals Panel. Therefore, it argues, because the TWCC is statutorily empowered to make an initial determination of Dunn's entitlement to benefits, the case should be dismissed or abated under the doctrine of primary jurisdiction. Dunn responds that he has exhausted his administrative remedy and that the TWCC has made its determination concerning his entitlement to benefits. He argues that the benefit dispute agreements amounted to a final decision. He further argues that because he is not seeking the benefits as damages, but rather is seeking damages because of relator's unreasonable delay in paying the benefits it had agreed to pay, his suit is not subject to abatement or dismissal.

The Texas Workers' Compensation Act provides a four-tier system for the disposition of claims by the TWCC. *Subsequent Injury Fund v. Service Lloyds Ins. Co.*, 961 S.W.2d 673, 675 (Tex.App.—Houston [1st Dist.] 1998, pet. denied). The first tier in the process is a "benefit review conference" conducted by a "benefit review officer." *Id.* (citing TEX. LAB.CODE ANN. §§ 410.021–.034 (Vernon 1996)). The benefit review officer has the authority to order or decline to order benefits. *Id.* (citing TEX. LAB.CODE ANN. § 410.032). If the officer orders payments of benefits, an insurance carrier must begin making payments at that time. *Id.* (citing TEX. LAB. CODE ANN. § 410.032). From the benefit review conference, the parties may proceed, by agreement, to arbitration. *Id.* (citing TEX. LAB.CODE ANN. § 410.104). If there is no agreement to arbitrate, a party may seek relief at a contested case hearing. *Id.* (citing TEX. LAB.CODE ANN. §§ 410.151–.169). At the third tier of the disposition process, a party may seek re-

view by an administrative appeals panel. *Id.* (citing TEX. LAB.CODE ANN. §§ 410.201–.208). Finally, an aggrieved party may seek judicial review of the appeals panel decision. *Id.* (citing TEX. LAB.CODE ANN. §§ 410.251–.308).

A dispute over a claimant's entitlement to benefits "may be resolved in whole or in part at a benefit review conference." TEX. LAB.CODE ANN. § 410.029(a). "An agreement signed in accordance with Section 410.029 is binding on the insurance carrier through the conclusion of all matters relating to the claim, unless the commission or a court, on a finding of fraud, newly discovered evidence, or other good or sufficient cause, relieves the insurance carrier of the effect of the agreement." *Id.* § 410.030(a).

Relator argues that, pursuant to section 410.251, before Dunn can bring suit, he is required to continue with his administrative remedy until there is a final decision of the TWCC appeals panel. We disagree. Under sections 410.029 and 410.030, the TWCC, the claimant, and the insurance provider can agree on the claimant's entitlement to benefits. Such agreements are binding on the parties as final decisions. We find no requirement under the Act which would require a claimant to continue through all four tiers of the disposition process if the parties agree on the claimant's compensation benefits at an earlier stage in the process.

We recognize that if the present lawsuit was a suit to recover compensation benefits as damages, then abatement or dismissal would be proper, as was the situation in *In re Luby's Cafeterias, Inc.,* 979 S.W.2d 813 (Tex.App.—Houston [14th Dist.] 1998, orig. proceeding).

In *Luby's,* the carrier concluded that the claimant's injuries were not compensable and denied her claim. The claimant did not seek any further administrative review of that determination, but instead filed suit in district court against Luby's. After the suit was filed and at Luby's urging, the carrier reopened the compensation case. The parties proceeded to a benefit review conference and then to a contested case hearing. The hearing officer ordered the carrier to pay benefits, and the claimant appealed this ruling. Before a final decision was rendered by the appeals panel, Luby's requested an abatement of the claimant's suit in district court.[1] After the appeals panel reversed the hearing officer's order and remanded the case, Luby's again requested an abatement of the suit in district court, which the court denied. Luby's then sought mandamus relief. After the mandamus petition was filed, the hearing officer again determined that the claimant's injury was compensable. The claimant acknowledged at oral argument that the hearing officer's decision would again be appealed. *Id.* at 814–15.

In *Luby's,* the issue of compensability of the claimant's injury had not been resolved. By contrast, in the present case, the parties have agreed that Dunn's injuries are compensable. In his lawsuit, Dunn is not seeking the compensation benefits as damages; instead, he is seeking damages because of relator's delay in paying benefits that it had agreed to pay. Relator's reliance on *Luby's* is misplaced.

There is a strong policy behind our holding. When the parties agree that a claimant's injuries are compensable, and such agreement is reduced to writing at a benefit review conference, the parties to that agreement ought to be held to comply with it. In the absence of such a policy, there is no incentive or reason for parties to seek resolution of their dispute at the benefit review conference.

We hold that the trial court did not abuse its discretion in refusing to abate or dismiss Dunn's lawsuit against relator.

We deny the petition for writ of mandamus.

---

1. Luby's did not obtain a ruling on its abatement motion.