Rosa SCHWARTZ, Appellant,

v.

The INSURANCE COMPANY OF the STATE OF PENNSYLVANIA, Gallagher Basset Services, Inc., and Belinda Ybarra, Appellees.

No. 01–07–00193–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 23, 2008.

Byron C. Keeling, Keeling & Downes, P.C., Houston, TX, for Appellant.

Matthew Sean Parish, Tucker, Taunton, Snyder & Slade, Houston, TX, for Appellees.

Panel consists of Justices NUCHIA, HANKS, and HIGLEY.

## OPINION

GEORGE C. HANKS, JR., Justice.

We withdraw our opinion issued June 19, 2008 and issue this one in its stead. We deny Rosa Schwartz's motion for rehearing. Our judgment in this case remains unchanged.

Schwartz sued The Insurance Company of the State of Pennsylvania, Gallagher Basset Services, Inc., and Belinda Ybarra (collectively, "Gallagher") for damages arising from Gallagher's alleged unreasonable delay and denial in authorizing her requested foot surgery. The trial court granted Gallagher's plea to the jurisdiction. In two issues, Schwartz contends that the trial court erred in (1) ruling that she failed to exhaust administrative remedies on her claims stemming from Gallagher's refusal to pay for her foot surgery and (2) granting Gallagher's plea with respect to her claims arising from Gallagher's refusal to pay for the care of the neuroma on her foot. We affirm.

## Background

On March 24, 2003, Schwartz's foot was injured within the course and scope of her employment. She was referred to Stephen R. Densen, M.D., who diagnosed her with a fractured toe. In July 2003,[1] Dr. Densen submitted a request for preauthorization for surgery with Schwartz's employer's insurance carrier, Gallagher. On July 21, 2003, Gallagher's medical necessi-

---

1. The specific date when Dr. Densen filed the preauthorization request is not readily apparent from the record. Gallagher's claim notes show that the faxed request was received by its medical necessity reviewer on July 17, 2003.

ty reviewer sent Dr. Densen notice that it was denying preauthorization based on its doctor's recommendation.

Following the denial, Dr. Densen appealed the decision and continued to work with Gallagher and its medical reviewer in order to get the requested surgery approved. In October, Gallagher scheduled an independent medical examination to address the dispute surrounding the surgery's necessity. On March 16, 2004, Anthony Lamarra, M.D. conducted the independent examination of Schwartz's toe and agreed that she should receive the requested surgery. Dr. Lamarra also noted that Schwartz's foot had a neuroma deformity which should be treated, possibly by surgery.

In April, Dr. Densen filed another request for preauthorization for toe surgery. Gallagher's medical necessity reviewer again denied the request, after its reviewing doctor recommended the denial.[2] However, on April 26, Gallagher overrode the medical necessity reviewer's denial and approved the surgery.

On May 27, Dr. Densen performed the surgery and noted "Unfortunately, [due to] the delay in timely approval for the initial surgery I requested, the injury developed into a more serious condition which required additional treatment including a second surgery." In 2005, Dr. Densen performed this additional surgery to correct Schwartz's neuroma deformity.

Schwartz sued Gallagher on July 11, 2005, alleging claims for violations of the Texas Insurance Code and Deceptive Trade Practices Act, breach of the duty of good faith and fair dealing, and legal malice. Two days later, Gallagher sent Schwartz notice that it was disputing that Schwartz's compensable injury extends to

her neuroma deformity. Nevertheless, in September, the parties entered into a benefit dispute agreement, in which they agreed that the neuroma deformity was compensable.

In December 2006, Gallagher filed a plea to the jurisdiction. The trial court granted Gallagher's plea and dismissed Schwartz's suit. Schwartz filed a motion for new trial, which the trial court denied. Schwartz now appeals.

### Plea to the Jurisdiction

■■■ In both of her issues, Schwartz asserts that the trial court erred in granting Gallagher's plea to the jurisdiction. A plea to the jurisdiction contests a trial court's subject matter jurisdiction. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999). Whether a court has subject matter jurisdiction is a matter of law. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004). Accordingly, we review a challenge to the trial court's subject matter jurisdiction de novo. *Id.* at 228.

■■■ When reviewing a plea to the jurisdiction, we must look to the allegations in the pleadings, construe them in the plaintiff's favor, and consider the pleader's intent. *See County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002). In doing so, we consider the facts alleged in the petition, and to the extent relevant to the jurisdictional issue, any evidence submitted by the parties to the trial court. *See Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 555 (Tex.2000). The plaintiff bears the burden to allege facts affirmatively demonstrating the trial court's jurisdiction to hear a case. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993). If a plaintiff pleads

---

2. The doctor who reviewed the medical necessity of Dr. Densen's second preauthoriza-

tion request was not the same doctor who reviewed the first preauthorization request.

facts that affirmatively demonstrate an absence of jurisdiction and the jurisdictional defect is incurable, then the cause is properly dismissed. *Peek v. Equip. Serv. Co. of San Antonio*, 779 S.W.2d 802, 805 (Tex. 1989). However, when the plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be afforded the opportunity to amend. *Brown*, 80 S.W.3d at 555.

## Failure to Exhaust Administrative Remedies

█ In her first issue, Schwartz asserts that the trial court erred in granting Gallagher's plea to the jurisdiction and impliedly ruling that she failed to exhaust her administrative remedies on her claims stemming from Gallagher's refusal to pay for her foot surgery. Schwartz contends that the exhaustion of remedies doctrine is inapplicable because she had no administrative remedies to exhaust. In support of this contention, she argues that the Texas Workers' Compensation Commission ("the Commission")[3] would have dismissed any attempt she made to exhaust administrative remedies because no dispute as to medical necessity existed in light of Gallagher's ultimate agreement and payment of the requested surgery.[4]

In support of this contention Schwartz relies on two of this court's opinions. *See Tex. Mut. Ins. Co. v. Ruttiger*, 265 S.W.3d 651 (Tex.App.–Houston [1st Dist.] 2008);

*In re Tex. Workers' Comp. Ins. Fund (TWCIF)*, 995 S.W.2d 335 (Tex. App.–Houston [1st Dist.] 1999, orig. proceeding). Under these opinions, when the Commission, claimant, and carrier agree on the claimant's entitlement to compensation benefits, their agreement is binding as a final determination that the benefits are owed, precluding the need for the claimant to seek administrative remedies before he can sue for damages arising from the carrier's unreasonable delay or denial of the benefits. *Ruttiger*, 265 S.W.3d at 657–58; *In re TWCIF*, 995 S.W.2d at 337; *see also* TEX. LAB.CODE ANN. §§ 410.029, .030 (Vernon 2006).

Schwartz's claims, however, do not stem from the carrier's delay or denial of benefits owed to Schwartz, but stem from a medical necessity dispute arising from Gallagher's initial denial of preauthorization of her requested surgery-surgery which Gallagher ultimately authorized more than nine months after Schwartz's initial request. "The fact that the ... surgery w[as] ultimately authorized does not constitute any type of determination by the Commission that the initial denial ... [was] improper. Therefore, there does remain a dispute for the Commission to resolve." *In re Tex. Mut. Ins. Co.*, No. 05–05–00944–CV, 2005 WL 1763562, at *2 (Tex.App.–Dallas July 27, 2005, orig. proceeding). Accordingly, Schwartz's reliance on *Ruttiger* and *In re TWCIF* is misplaced,[5] and an unresolved dispute as to

---

3. The Texas Workers' Compensation Commission was replaced in 2005 by the Texas Department of Insurance, Division of Workers' Compensation. *See* TEX. LAB.CODE ANN. § 402.001 (Vernon 2006).

4. *See* 27 Tex. Reg. 12282, 12302 (2002) (former 28 TEX. ADMIN. CODE § 133.308(i)(1), effective Jan. 1, 2003) (noting that the Commission may dismiss a request for medical necessity dispute resolution if the requestor informs the

Commission, or it otherwise determines, that the dispute no longer exists), *amended by* 31 Tex. Reg. 10314 (2006) (current version at 28 TEX. ADMIN. CODE ANN. § 133.308(h)(1) (2008)).

5. Resolution of a preauthorization dispute would not proceed under Chapter 410 as in *Ruttiger* and *In re TWCIF*, but under Chapter 413. *See* TEX. LAB.CODE ANN. § 413.031 (Vernon Supp.2008); *Cont'l Cas. Ins. Co. v. Func-*

the requested surgery's medical necessity in July 2003 still existed when Schwartz filed suit.

 The Legislature has given the Commission exclusive jurisdiction of disputes over preauthorization of medical treatment. *See Am. Motorists Ins. Co. v. Fodge,* 63 S.W.3d 801, 803 (Tex.2001) (citing TEX. LAB.CODE ANN. § 413.031). The Commission must have determined that the medical treatment was entitled to preauthorization before a trial court can adjudicate a claim arising from a carrier's delay or denial of preauthorization for such treatment. *See Pickett v. Tex. Mut. Ins. Co.,* 239 S.W.3d 826, 831, 836–37 (Tex. App.–Austin 2007, no pet.) (relying on *Fodge); In re Tex. Mut. Ins. Co.,* 2005 WL 1763562, at \*2 (same); *Malish v. Pac. Employers Ins. Co.,* 106 S.W.3d 744, 746 (Tex. App.–Fort Worth 2003, no pet.) (same). The Commission has promulgated specific administrative remedies for the resolution of medical necessity disputes.[6] Exhaustion of these administrative remedies is necessary for a claimant to receive a favorable Commission determination on the necessity of the medical treatment. *See Pickett,* 239 S.W.3d at 837.

 Because neither her petition nor the record shows that Schwartz exhausted these administrative remedies and obtained a Commission determination that the surgery was medically necessary when first requested, we hold that the trial court properly granted Gallagher's plea to the jurisdiction.[7]

 Having held that the trial court properly granted Gallagher's plea to the jurisdiction, we must determine whether it properly dismissed Schwartz's claims. If a claim is not within a court's jurisdiction and the impediment to jurisdiction cannot be removed, then the claim must be dismissed; but, if the impediment to jurisdiction could be removed, then the court may abate proceedings to allow a reasonable opportunity for the jurisdictional problem to be cured. *Fodge,* 63 S.W.3d at 805. For Schwartz to remove the impediment to jurisdiction, she would have to be able to pursue the prescribed administrative remedies for determining whether the surgery was medically necessary when Gallagher originally denied preauthorization.

Following a carrier's denial, a claimant may request reconsideration of the denied health care within 15 working days of re-

*tional Restoration Assocs.,* 19 S.W.3d 393, 396 & n. 2 (Tex.2000).

**6.** *See generally* 28 TEX. ADMIN. CODE ANN. §§ 133.305, .308 (2008); § 134.600 (2008). For the Administrative Code sections in effect when Gallagher initially denied preauthorization and which apply in this appeal, see generally 27 Tex. Reg. 12282 (2002) (former 28 TEX. ADMIN. CODE §§ 133.305, .308, effective Jan. 1, 2003), *amended by* 31 Tex. Reg. 10314 (2006); 27 Tex. Reg. 12359 (2002) (former 28 TEX. ADMIN. CODE § 134.600, effective Jan. 1, 2003), *amended by* 29 Tex. Reg. 2349 (2004); 31 Tex. Reg. 3566 (2006).

**7.** We also note Schwartz's policy concern that requiring exhaustion of remedies in this situation will force parties to go through the ad-

ministrative process rather than attempt to informally settle a preauthorization dispute. We agree that the Legislature has provided protection for the informal settlement of medical necessity disputes. *See, e.g.,* TEX. LAB.CODE ANN. § 413.014(f) (Vernon 2006) (an insurance carrier cannot be hindered from voluntarily discussing prospective medical treatment with the injured employee's health care provider or from voluntarily preauthorizing the agreed-upon treatment). However, timely resolution of medical necessity disputes is also public policy, and the administrative steps available to resolve such disputes are guided by mandatory time requirements, which help ensure that carriers cannot unreasonably prolong the resolution process. *See generally* 28 TEX. ADMIN. CODE ANN. §§ 133.305, .308 (2008); § 134.600 (2008).

ceipt of the denial and shall document the reconsideration request.[8] Here, the carrier's claim notes state that Dr. Densen appealed Gallagher's 2003 preauthorization denial and continued to seek approval for the surgery. However, the record does not reflect that a documented request for reconsideration was made within 15 days of Gallagher's July 21, 2003 denial. Therefore, the impediment to the trial court's jurisdiction cannot be removed. We hold that the trial court correctly dismissed Schwartz's claims.

We overrule Schwartz's first issue.

**Adequacy of Petition**

In her second issue, Schwartz argues that the trial court erred in granting Gallagher's plea to the jurisdiction with respect to her claims arising from Gallagher's denial of compensation for her neuroma deformity. We begin, however, by determining whether Schwartz's petition alleged claims based on Gallagher's denial of compensation for her neuroma deformity. We hold that it does not.

 Texas follows a "fair notice" standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant. *Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 896 (Tex.2000). "The purpose of this rule is to give the opposing party information sufficient to enable him to prepare a defense." *Roark v. Allen,* 633 S.W.2d 804, 810 (Tex.1982). The test of fair notice is whether an opposing attorney of reasonable competence, on review of the pleadings, can ascertain the nature and the basic issues of the controversy and the testimony probably relevant.

*Bowen v. Robinson,* 227 S.W.3d 86, 91 (Tex.App.–Houston [1st Dist.] 2006, pet. denied). The "fair notice" requirement of Texas pleading relieves the pleader of the burden of pleading evidentiary matters with meticulous particularity. *Id.*

 It is undisputed that Gallagher's denial of compensability of the neuroma deformity occurred *after* Schwartz had filed her petition. Nevertheless, Schwartz contends that she complied with the fair notice requirement, because her petition provided sufficient information to enable Gallagher to prepare a defense based on its denial of the neuroma deformity's compensability. Specifically, she argues that Gallagher understood that it was being sued for its denial of compensation for the neuroma deformity because her petition broadly alleged that Gallagher "chose to deny timely payment of benefits and continually deny payment for necessary medical treatment." Schwartz asserts that Gallagher should have filed a special exception if it wanted to narrow the scope of her pleadings. We disagree.

Here, Schwartz's petition did not give Gallagher fair notice that her claims also stemmed from its denial of compensation for her neuroma deformity. Each claim in Schwartz's petition specifically incorporates the petition's fact section, which referred only to Gallagher's July 2003 denial for preauthorization of her toe surgery, not her neuroma deformity. Schwartz never amended her petition to include any other acts of Gallagher. Accordingly, we hold that Schwartz's petition does not allege any claims based on Gallagher's denial of compensation for her neuroma deformity; the scope of her petition is limited to claims arising from Gallagher's

---

8. *See* 27 Tex. Reg. 12359 (2002) (former 28 Tex. Admin. Code § 134.600(g)(1), effective Jan. 1, 2003), *amended by* 31 Tex. Reg. 3566 (2006) (current version at 28 Tex. Admin. Code Ann. § 134.600(*o*)(1) (2008)).

initial preauthorization denial. *See Auld,* 34 S.W.3d at 896. Because the proceedings below did not address Schwartz's claims based on Gallagher's neuroma compensation denial, the trial court's order granting Gallagher's plea to the jurisdiction did not address the claims either.

We overrule Schwartz's second issue.

### Conclusion

We affirm the judgment of the trial court.