Opinion issued October 23, 2008 













In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-07-00193-CV
  __________
 
ROSA SCHWARTZ, Appellant
 
V.
 
THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,
GALLAGHER BASSET SERVICES, INC., AND BELINDA YBARRA,
Appellees
 

 
 
On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2005-38843-A
 

 
 
O P I N I O N
          We withdraw our opinion issued June 19, 2008 and issue this one in its stead. 
We deny Rosa Schwartz’s motion for rehearing. Our judgment in this case remains
unchanged. 
          Schwartz sued The Insurance Company of the State of Pennsylvania, Gallagher
Basset Services, Inc., and Belinda Ybarra (collectively, “Gallagher”) for damages
arising from Gallagher’s alleged unreasonable delay and denial in authorizing her
requested foot surgery. The trial court granted Gallagher’s plea to the jurisdiction. 
In two issues, Schwartz contends that the trial court erred in (1) ruling that she failed
to exhaust administrative remedies on her claims stemming from Gallagher’s refusal
to pay for her foot surgery and (2) granting Gallagher’s plea with respect to her claims
arising from Gallagher’s refusal to pay for the care of the neuroma on her foot. We
affirm.
Background
          On March 24, 2003, Schwartz’s foot was injured within the course and scope
of her employment. She was referred to Stephen R. Densen, M.D., who diagnosed her
with a fractured toe. In July 2003,


 Dr. Densen submitted a request for
preauthorization for surgery with Schwartz’s employer’s insurance carrier, Gallagher. 
On July 21, 2003, Gallagher’s medical necessity reviewer sent Dr. Densen notice that
it was denying preauthorization based on its doctor’s recommendation.
          Following the denial, Dr. Densen appealed the decision and continued to work
with Gallagher and its medical reviewer in order to get the requested surgery
approved. In October, Gallagher scheduled an independent medical examination to
address the dispute surrounding the surgery’s necessity. On March 16, 2004, Anthony
Lamarra, M.D. conducted the independent examination of Schwartz’s toe and agreed
that she should receive the requested surgery. Dr. Lamarra also noted that Schwartz’s
foot had a neuroma deformity which should be treated, possibly by surgery.
          In April, Dr. Densen filed another request for preauthorization for toe surgery. 
Gallagher’s medical necessity reviewer again denied the request, after its reviewing
doctor recommended the denial.


 However, on April 26, Gallagher overrode the
medical necessity reviewer’s denial and approved the surgery.
          On May 27, Dr. Densen performed the surgery and noted “Unfortunately, [due
to] the delay in timely approval for the initial surgery I requested, the injury developed
into a more serious condition which required additional treatment including a second
surgery.” In 2005, Dr. Densen performed this additional surgery to correct Schwartz’s
neuroma deformity.
          Schwartz sued Gallagher on July 11, 2005, alleging claims for violations of the
Texas Insurance Code and Deceptive Trade Practices Act, breach of the duty of good
faith and fair dealing, and legal malice. Two days later, Gallagher sent Schwartz
notice that it was disputing that Schwartz’s compensable injury extends to her
neuroma deformity. Nevertheless, in September, the parties entered into a benefit
dispute agreement, in which they agreed that the neuroma deformity was compensable.
          In December 2006, Gallagher filed a plea to the jurisdiction. The trial court
granted Gallagher’s plea and dismissed Schwartz’s suit. Schwartz filed a motion for
new trial, which the trial court denied. Schwartz now appeals.
Plea to the Jurisdiction
          In both of her issues, Schwartz asserts that the trial court erred in granting
Gallagher’s plea to the jurisdiction. A plea to the jurisdiction contests a trial court’s
subject matter jurisdiction. Tex. Dep’t of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex.
1999). Whether a court has subject matter jurisdiction is a matter of law. Tex. Dep’t
of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). Accordingly, we
review a challenge to the trial court’s subject matter jurisdiction de novo. Id. at 228.
          When reviewing a plea to the jurisdiction, we must look to the allegations in the
pleadings, construe them in the plaintiff’s favor, and consider the pleader’s intent. See
County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002). In doing so, we
consider the facts alleged in the petition, and to the extent relevant to the jurisdictional
issue, any evidence submitted by the parties to the trial court. See Bland Indep. Sch.
Dist. v. Blue, 34 S.W.3d 547, 555 (Tex. 2000). The plaintiff bears the burden to allege
facts affirmatively demonstrating the trial court’s jurisdiction to hear a case. See Tex.
Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). If a plaintiff
pleads facts that affirmatively demonstrate an absence of jurisdiction and the
jurisdictional defect is incurable, then the cause is properly dismissed. Peek v. Equip.
Serv. Co. of San Antonio, 779 S.W.2d 802, 805 (Tex. 1989). However, when the
plaintiff fails to plead facts that establish jurisdiction, but the petition does not
affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading
sufficiency, and the plaintiff should be afforded the opportunity to amend. Brown, 80
S.W.3d at 555.
Failure to Exhaust Administrative Remedies
          In her first issue, Schwartz asserts that the trial court erred in granting
Gallagher’s plea to the jurisdiction and impliedly ruling that she failed to exhaust her
administrative remedies on her claims stemming from Gallagher’s refusal to pay for
her foot surgery. Schwartz contends that the exhaustion of remedies doctrine is
inapplicable because she had no administrative remedies to exhaust. In support of this
contention, she argues that the Texas Workers’ Compensation Commission (“the
Commission”)


 would have dismissed any attempt she made to exhaust administrative
remedies because no dispute as to medical necessity existed in light of Gallagher’s
ultimate agreement and payment of the requested surgery.


 
          In support of this contention Schwartz relies on two of this court’s opinions. 
See Tex. Mut. Ins. Co. v. Ruttiger, No. 01-06-00897-CV, __ S.W.3d __, 2008 WL
2930096 (Tex. App—Houston [1st Dist.] July 31, 2008); In re Tex. Workers’ Comp.
Ins. Fund (TWCIF), 995 S.W.2d 335 (Tex. App—Houston [1st Dist.] 1999, orig.
proceeding). Under these opinions, when the Commission, claimant, and carrier agree
on the claimant’s entitlement to compensation benefits, their agreement is binding as
a final determination that the benefits are owed, precluding the need for the claimant
to seek administrative remedies before he can sue for damages arising from the
carrier’s unreasonable delay or denial of the benefits. Ruttiger, 2008 WL 2930096,
at *3; In re TWCIF, 995 S.W.2d at 337; see also Tex. Lab. Code Ann. §§ 410.029,
.030 (Vernon 2006). 
          Schwartz’s claims, however, do not stem from the carrier’s delay or denial of
benefits owed to Schwartz, but stem from a medical necessity dispute arising from
Gallagher’s initial denial of preauthorization of her requested surgery—surgery which
Gallagher ultimately authorized more than nine months after Schwartz’s initial
request. “The fact that the . . . surgery w[as] ultimately authorized does not constitute
any type of determination by the Commission that the initial denial . . . [was]
improper. Therefore, there does remain a dispute for the Commission to resolve.” In
re Tex. Mut. Ins. Co., No. 05-05-00944-CV, 2005 WL 1763562, at *2 (Tex.
App.—Dallas July 27, 2005, orig. proceeding). Accordingly, Schwartz’s reliance on
Ruttiger and In re TWCIF is misplaced,


 and an unresolved dispute as to the requested
surgery’s medical necessity in July 2003 still existed when Schwartz filed suit. 
          The Legislature has given the Commission exclusive jurisdiction of disputes
over preauthorization of medical treatment. See Am. Motorists Ins. Co. v. Fodge, 63
S.W.3d 801, 803 (Tex. 2001) (citing Tex. Lab. Code Ann. § 413.031). The
Commission must have determined that the medical treatment was entitled to
preauthorization before a trial court can adjudicate a claim arising from a carrier’s
delay or denial of preauthorization for such treatment. See Pickett v. Tex. Mut. Ins.
Co., 239 S.W.3d 826, 831, 836–37 (Tex. App.—Austin 2007, no pet.) (relying on
Fodge); In re Tex. Mut. Ins. Co., 2005 WL 1763562, at *2 (same); Malish v. Pac.
Employers Ins. Co., 106 S.W.3d 744, 746 (Tex. App.—Fort Worth 2003, no pet.)
(same). The Commission has promulgated specific administrative remedies for the
resolution of medical necessity disputes.


 Exhaustion of these administrative remedies
is necessary for a claimant to receive a favorable Commission determination on the
necessity of the medical treatment. See Pickett, 239 S.W.3d at 837. 
          Because neither her petition nor the record shows that Schwartz exhausted these
administrative remedies and obtained a Commission determination that the surgery
was medically necessary when first requested, we hold that the trial court properly
granted Gallagher’s plea to the jurisdiction.



          Having held that the trial court properly granted Gallagher’s plea to the
jurisdiction, we must determine whether it properly dismissed Schwartz’s claims. If
a claim is not within a court’s jurisdiction and the impediment to jurisdiction cannot
be removed, then the claim must be dismissed; but, if the impediment to jurisdiction
could be removed, then the court may abate proceedings to allow a reasonable
opportunity for the jurisdictional problem to be cured. Fodge, 63 S.W.3d at 805. For
Schwartz to remove the impediment to jurisdiction, she would have to be able to
pursue the prescribed administrative remedies for determining whether the surgery was
medically necessary when Gallagher originally denied preauthorization. 
          Following a carrier’s denial, a claimant may request reconsideration of the
denied health care within 15 working days of receipt of the denial and shall document
the reconsideration request.


 Here, the carrier’s claim notes state that Dr. Densen
appealed Gallagher’s 2003 preauthorization denial and continued to seek approval for
the surgery. However, the record does not reflect that a documented request for
reconsideration was made within 15 days of Gallagher’s July 21, 2003 denial. 
Therefore, the impediment to the trial court’s jurisdiction cannot be removed. We
hold that the trial court correctly dismissed Schwartz’s claims.
          We overrule Schwartz’s first issue.
Adequacy of Petition
          In her second issue, Schwartz argues that the trial court erred in granting
Gallagher’s plea to the jurisdiction with respect to her claims arising from Gallagher’s
denial of compensation for her neuroma deformity. We begin, however, by
determining whether Schwartz’s petition alleged claims based on Gallagher’s denial
of compensation for her neuroma deformity. We hold that it does not.
          Texas follows a “fair notice” standard for pleading, which looks to whether the
opposing party can ascertain from the pleading the nature and basic issues of the
controversy and what testimony will be relevant. Horizon/CMS Healthcare Corp. v.
Auld, 34 S.W.3d 887, 896 (Tex. 2000). “The purpose of this rule is to give the
opposing party information sufficient to enable him to prepare a defense.” Roark v.
Allen, 633 S.W.2d 804, 810 (Tex. 1982). The test of fair notice is whether an
opposing attorney of reasonable competence, on review of the pleadings, can ascertain
the nature and the basic issues of the controversy and the testimony probably relevant. 
Bowen v. Robinson, 227 S.W.3d 86, 91 (Tex. App.—Houston [1st Dist.] 2006, pet.
denied). The “fair notice” requirement of Texas pleading relieves the pleader of the
burden of pleading evidentiary matters with meticulous particularity. Id.
          It is undisputed that Gallagher’s denial of compensability of the neuroma
deformity occurred after Schwartz had filed her petition. Nevertheless, Schwartz
contends that she complied with the fair notice requirement, because her petition
provided sufficient information to enable Gallagher to prepare a defense based on its
denial of the neuroma deformity’s compensability. Specifically, she argues that
Gallagher understood that it was being sued for its denial of compensation for the
neuroma deformity because her petition broadly alleged that Gallagher “chose to deny
timely payment of benefits and continually deny payment for necessary medical
treatment.” Schwartz asserts that Gallagher should have filed a special exception if
it wanted to narrow the scope of her pleadings. We disagree.
          Here, Schwartz’s petition did not give Gallagher fair notice that her claims also
stemmed from its denial of compensation for her neuroma deformity. Each claim in
Schwartz’s petition specifically incorporates the petition’s fact section, which referred
only to Gallagher’s July 2003 denial for preauthorization of her toe surgery, not her
neuroma deformity. Schwartz never amended her petition to include any other acts of
Gallagher. Accordingly, we hold that Schwartz’s petition does not allege any claims
based on Gallagher’s denial of compensation for her neuroma deformity; the scope of
her petition is limited to claims arising from Gallagher’s initial preauthorization
denial. See Auld, 34 S.W.3d at 896. Because the proceedings below did not address
Schwartz’s claims based on Gallagher’s neuroma compensation denial, the trial court’s
order granting Gallagher’s plea to the jurisdiction did not address the claims either.
          We overrule Schwartz’s second issue.Conclusion
          We affirm the judgment of the trial court.
 

                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Nuchia, Hanks, and Higley.