Opinion issued January 3, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00752-CV

———————————

IN RE Metropolitan Transit Authority, Relator



 



 

Original Proceeding on Petition for Writ of Mandamus



 



 

O P I N I O N

          Metropolitan Transit Authority
(“Metro”) filed a petition for writ of mandamus, requesting that this Court
compel the trial court to set aside its order denying Metro’s plea to the
jurisdiction for failure to exhaust administrative remedies and to enter an
order granting the plea.[1]  We deny the petition.

Background

          The underlying case involves a claim
for workers’ compensation benefits.  Metro
employed Sharon Wilson as a bus driver. 
She was hurt in a motor-vehicle accident with another bus.  Wilson filed a workers’ compensation claim
with the Texas Department of Insurance, Division of Workers’ Compensation
(“DWC”).  Metro, which is self-insured, agreed
that Wilson had a compensable, work-related lumbar sprain as a result of the
accident. But Wilson also claimed that the accident caused a foot injury that,
in turn, caused a burn with an infection in her right foot and the auto-amputation
of her right great toe.  Metro disputed
the toe injury.  

In the administrative proceedings, Metro denied the
compensability of the infection of Wilson’s right foot, including the
auto-amputation of her right great toe. 
Wilson responded that medical-care providers had instructed her to treat
her injuries, including the trauma to her right foot, with heat therapy and
that the heat therapy resulted in an infection of her right foot and
auto-amputation of her right great toe. 
Wilson also responded
that Metro had waived its right to challenge compensability because it did not
dispute the extent of Wilson’s injury within 60 days of receiving notice that
her claim included her right foot.

After the parties could not resolve their differences at a
benefit review conference, the case proceeded to a contested case hearing on
the following three issues:

1.    
Did the
compensable injury of 10/11/06 extend to include an infection of the right
foot, including an auto-amputation of the right great toe?

 

2.    
Did [Wilson] have
disability resulting from the 10/11/06 compensable injury, and if so, for what
period(s)?

 

3.    
Has [Metro] waived
the compensability of an infection of the right foot, including an
auto-amputation of the right great toe, by not timely contesting its
compensability in accordance with the Texas Labor Code Sections 409.021 and
409.022?

 

The hearing officer issued a decision favorable to Metro,
concluding that it was not liable for medical benefits for the treatment of the
infection of Wilson’s right foot and auto-amputation of her right great toe.  The hearing officer’s decision and order included
the following findings of fact:

5.  The infection of the right foot and auto-amputation of the right
great toe did not arise or naturally flow from the compensable injury.

 

6.  Any inability of [Wilson] at any time to obtain and retain
employment at wages equivalent to her pre-injury wage is not due to a
compensable injury of that date.

 

7.  [Metro], through a reasonable investigation, could not have
determined within 60 days following the notice of injury that the right foot
infection and auto-amputation of the right great toe was part of the claimed
injury.

 

The
decision and order then listed the following relevant conclusions of law:  

 3. The
compensable injury of October 11, 2006, [sic] does not extend to an infection
of the right foot, including an auto-amputation of the right great toe.

 

4.  [Wilson] did not have disability through the date of this hearing
from the October 11, 2006, compensable injury.

 

5.  [Metro] did not waive the right to contest the compensability of
the infection of the right foot and auto-amputation of the right great toe by
not contesting compensability in accordance with Texas Labor Code Sections
409.021 and 409.022.

 

Wilson appealed the hearing officer’s decision to the DWC’s
appeals panel, requesting review of each of these adverse findings of fact and
conclusions of law.  The appeals panel considered
the evidence in the case and reversed the hearing officer’s decision.  The appeals panel rendered a new decision that
Metro “waive[d] the right to contest the compensability of the infection of the
right foot and auto-amputation of the right great toe by not timely contesting
compensability.”  The appeals panel
likewise reversed the hearing officer’s determination of the extent of Wilson’s
injury.  It concluded that “the
compensable injury . . . does extend to an infection of the right foot,
including an auto-amputation of the right great toe by operation of waiver.”  Finally, the appeals panel remanded the case to
the hearing officer for a determination of the disability due to Wilson.  Although it made findings regarding
compensability and extent of injury, the appeals panel did not specifically
reverse the hearing officer’s fifth finding of fact, i.e., that “[t]he
infection of the right foot and auto-amputation of the right great toe did not
arise or naturally flow from the compensable injury.”        

Metro sought judicial review of the appeals panel’s
decision.  Having obtained a favorable
result from the appeals panel, Wilson did not file an appeal in the district
court.  She filed a general denial of the
allegations in Metro’s original petition and asserted a counterclaim requesting
attorneys’ fees.  

Metro then filed a plea to the jurisdiction, arguing that the
district court’s jurisdiction is confined to the waiver issue.  Metro asserts that the appeals panel’s
determination that the infection of Wilson’s right foot was compensable “by
operation of waiver” precludes any other finding that might support its
decision.  Under Metro’s theory, a
decision in its favor on the waiver issue would eliminate the need for a trial
on the merits or any further inquiry into its liability.    

Wilson responds that she is not an aggrieved party required
to seek judicial review in order to defend her claim and the appeals panel’s
decision against Metro’s appeal.  She
observes that she appealed each of the hearing officer’s adverse findings and
conclusions to the appeals panel, and the appeals panel decided in favor of her
claim.  Wilson further notes that the
appeals panel decided both issues of compensability and extent of injury, and
made no adverse findings by which she is bound in the district court.  

  After considering the
arguments made by Metro and Wilson, the district court denied the plea to the
jurisdiction, finding that it could consider the extent of Wilson’s
injury.  Metro’s petition for writ of
mandamus followed.  

Discussion

          Metro’s petition raises a single
issue:  whether the trial court has
jurisdiction to consider the extent of Wilson’s injury.  

Standard of Review

To be entitled to the extraordinary relief of a writ of
mandamus, the relator must show the trial court clearly abused its discretion
and there is no adequate remedy by appeal. 
In re Laibe Corp., 307 S.W.3d
314, 316 (Tex. 2010) (orig. proceeding) (per curiam).  A trial court abuses its discretion if it
reaches a decision so arbitrary and unreasonable as to constitute a clear and
prejudicial error of law, or if it clearly fails to correctly analyze or apply
the law.  In re Columbia Med. Ctr. of Las Colinas, 306 S.W.3d 246, 248 (Tex.
2010) (orig. proceeding) (per curiam); In
re Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005) (orig.
proceeding) (per curiam).  In determining
whether appeal is an adequate remedy, we consider whether the benefits outweigh
the detriments of mandamus review.  In re BP Prods. N. Am., Inc., 244 S.W.3d
840, 845 (Tex. 2008) (orig. proceeding). 
The failure to grant a plea to the jurisdiction for failure to exhaust
administrative remedies with the DWC is subject to mandamus review in order to
prevent disruption of the orderly process of government.  In re
Liberty Mut. Fire Ins. Co., 295 S.W.3d 327, 328 (Tex. 2009) (orig.
proceeding) (per curiam).  




 

Plea to the Jurisdiction

          A plea to the jurisdiction
challenging exhaustion of administrative remedies under the workers’
compensation scheme is a contest of the trial court’s subject matter
jurisdiction.  Schwartz v. Ins. Co. of State of Pa., 274 S.W.3d 270, 273 (Tex.
App.—Houston [1st Dist.] 2008, pet. denied); see Stinson v. Ins. Co. of State of Pa., 286 S.W.3d 77, 83 (Tex.
App.—Houston [14th Dist.] 2009, pet. denied) (op. on reh’g).  Such a contest may rest on pleadings or on
evidence.  Stinson, 286 S.W.3d at 83.  When
a plea to the jurisdiction challenges the pleadings, we determine if the
pleader has alleged facts that affirmatively demonstrate the court’s
jurisdiction to hear the cause.  Tex. Dep’t of Parks & Wildlife v.
Miranda, 133 S.W.3d 217, 226 (Tex. 2004). 
We construe the pleadings liberally and look to the pleader’s
intent.  Id.  If the pleadings do not
contain sufficient facts to affirmatively demonstrate the trial court’s jurisdiction
but do not affirmatively demonstrate incurable defects in jurisdiction, the
issue is one of pleading sufficiency and the party should be afforded the
opportunity to amend.  Westbrook v. Penley, 231 S.W.3d 389, 395
(Tex. 2007).  If the pleadings
affirmatively negate the existence of jurisdiction, then a plea to the
jurisdiction may be granted without allowing the pleader an opportunity to
amend.  Cnty. of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002).    




 

Exhaustion of Administration Remedies

“The Workers’ Compensation Act vests the Workers’
Compensation Division with exclusive jurisdiction to determine a claimant’s
entitlement to medical benefits.”  In re Liberty Mut. Fire Ins. Co., 295
S.W.3d at 328.  When an agency has
exclusive jurisdiction, a party must exhaust all administrative remedies before
seeking judicial review of the agency’s action. 
Subaru of Am., Inc. v. David
McDavid Nissan, Inc., 84 S.W.3d 212, 221 (Tex. 2002).  The exhaustion requirement ensures that the
administrative agency has the opportunity to resolve disputed fact issues
within its exclusive jurisdiction before a court addresses those issues.  Stinson,
286 S.W.3d at 84 (citing Essenburg v.
Dallas County, 988 S.W.2d 188, 189 (Tex. 1998) (per curiam)).

Chapter 410 of the Workers’ Compensation Act addresses
disputes regarding compensability and extent of injury.  This chapter establishes a four-tier system
for the disposition of claims.  In the
first tier, the parties participate in a “benefit review conference” conducted
by a “benefit review officer.”  Tex. Lab. Code Ann. §§ 410.021-.034
(Vernon 2006 & Supp. 2010).  The
conference, which is a “nonadversarial, informal dispute resolution proceeding,”
is designed to “mediate and resolve disputed issues by agreement of the
parties.”  Id. § 410.021(3) (Vernon 2006). 
In the second tier, “if issues remain unresolved after a benefit review
conference, the parties, by agreement, may elect to engage in arbitration,”
and, absent an agreement, a party is entitled to seek relief at a contested
case hearing.  Id. §§ 410.104, 410.151-.169 (Vernon 2006).  In the third tier, a party may seek review by
an administrative appeals panel.  Id. §§ 410.201-.208
(Vernon 2006).  A party seeking review by
an administrative appeals panel must “rebut . . . the decision of the hearing
officer on each issue on which review is sought.”  Id.
§ 410.202(c).  “The appeals panel shall
review each request and issue a written decision on each reversed or remanded
case.”  Id.  § 410.204(a).  If the appeals panel does not issue a
decision in accordance with section 410.204, the decision of the hearing
officer becomes final and is the final decision of the appeals panel.  Id.
§ 410.204(c).  Finally, in the fourth
tier, an aggrieved party may seek judicial review.  Id. §§
410.251-.308 (Vernon 2006 & Supp. 2010).  Section 410.302 limits judicial review to
“issues decided by the appeals panel and on which judicial review is sought.”   Id. § 410.302(b) (Vernon 2006).  “The pleadings must specifically set forth
the determinations of the appeals panel by which the party is aggrieved.”  Id.  

          The appeals panel ruled in Wilson’s
favor by reversing the hearing officer’s decision and remanding for a
determination of the disability owed to Wilson. 
Metro reads the appeals panel’s decision too narrowly when it asserts
that the failure to specifically address the hearing officer’s finding that
“[t]he infection of the right foot and auto-amputation of the right great toe
did not arise or naturally flow from the compensable injury” constitutes an
adverse finding that precludes Wilson from defending the appeals panel’s
decision in her favor.  Under the
subtitle “Extent of Injury,” the appeals panel reversed “the hearing officer’s
determination that the compensable injury of October 11, 2006, does not extend
to an infection of the right foot, including an auto-amputation of the right
great toe.”  Although the appeals panel’s
decision includes the statement that the compensable injury extends to the
infection of Wilson’s right foot “by operation of waiver,” this determination
does not limit the panel’s overall decision to reverse the hearing officer
regarding the extent of Wilson’s injury. 
The appeals panel considered the evidence in the case and rendered a decision
on the extent of injury in Wilson’s favor. 
See id.  And, by its own pleadings, Metro generally
requested judicial review of the appeals panel’s determination “[t]hat
[Wilson’s] injury of October 11, 2006, extends to an infection of the right
foot, including an auto-amputation of the right great toe.”     

          Metro relies primarily on three cases decided
by our sister courts of appeals to support its assertion that the district
court is without jurisdiction to review anything more than the application of
the waiver doctrine in this case.  See Lopez v. Zenith Ins. Co., 229 S.W.3d
775 (Tex. App.—Eastland 2007, pet. denied); Krueger
v. Atascosa Cnty., 155 S.W.3d 614 (Tex. App.—San Antonio 2004, no pet.); Tex. Mut. Ins. Co. v. Ochoa, No.
04-09-00401-CV, 2010 WL 2844464 (Tex. App.—San Antonio July 21, 2010, no pet.).  These cases are procedurally distinct.  In each case, the dispositive issue was the complaining party’s failure to appeal
the hearing officer’s findings and conclusions to the appeals panel—not the prevailing party’s failure.  

For instance, in Lopez,
a hearing officer issued some adverse findings against the insurance carrier regarding
its failure to timely file a notice, but ruled in its favor.  229 S.W.3d at 777.  The claimant filed an administrative appeal
with the appeals panel.   Id.  The appeals panel reversed the hearing
officer’s decision, the insurance carrier lost, and it sought judicial
review.  Id. at 778.  The Eastland
Court of Appeals concluded that the district court lacked jurisdiction to
consider determinations about the timeliness of the insurance carrier’s notice
because the insurance carrier had not appealed the hearing officer’s decision
to the appeals panel.  Id. at 778-79; see also Krueger, 155 S.W.3d at 619 (holding that claimant who
obtained favorable result at case hearing, but against whom adverse ruling was
made, must present adverse ruling to appeals panel in order to exhaust
administrative remedies); Ochoa, 2010
WL 2844464, at *4 (holding that hearing officer’s decision was final and
binding on issue neither party appealed). 

There is no dispute here that Wilson appealed each of the
hearing officer’s adverse findings and conclusions to the appeals panel.  The appeals panel then decided the issues of
compensability and the extent of injury in favor of Wilson.  Wilson seeks only to defend the appeals
panel’s decision in the district court.  Metro
cites no case holding that a party has failed to exhaust its administrative
remedies under such circumstances. 
Accordingly, we decline to hold that Wilson failed to exhaust her
administrative remedies or that the district court lacks jurisdiction to
consider the extent of Wilson’s injury.

Conclusion

We hold the district court did not clearly abuse its
discretion in denying Metro’s plea to the jurisdiction for failure to exhaust
administrative remedies before the DWC. 
Accordingly, we deny Metro’s petition for writ of mandamus.

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Justices Keyes, Higley, and Bland.











[1]
          The underlying case is Metropolitan Transit Authority v. Sharon
Wilson, No. 2007-73450 in the 133rd District Court of Harris County, the
Honorable Jaclanel McFarland presiding.