**Rosaura O. LOPEZ, Appellant,**

v.

**ZENITH INSURANCE COMPANY, Appellee.**

No. 11–06–00086–CV.

Court of Appeals of Texas, Eastland.

May 17, 2007.

Barry L. Hart, Odessa, for appellant.

Timothy U. Stanford, Downs & Stanford, Dallas, for appellee.

Panel consists of: WRIGHT, C.J., McCALL, J, and STRANGE, J.

## OPINION

RICK STRANGE, Justice.

This is a workers' compensation case. Zenith Insurance Company filed suit to appeal the Texas Workers' Compensation Commission's Appeals Panel's[1] decision

---

1. The legislature abolished the Texas Workers' Compensation Commission on September

1, 2005, and transferred its responsibilities to the Texas Department of Insurance, Division

that it had waived the right to dispute Rosaura O. Lopez's workers' compensation claim. The trial court granted Zenith's motion for summary judgment finding that Zenith had timely controverted Lopez's claim and that, because Lopez had not suffered an injury in the course and scope of her employment, Zenith could not waive its right to contest her claim. We reverse and remand.

## I. *Background Facts*

Lopez was employed at Best Inn & Suites in Midland as a housekeeper. Zenith was Best Inn's workers' compensation carrier. Lopez claimed that she injured herself while in the course and scope of her employment on March 21, 2003. Stephanie Carby, an adjustor for Zenith, interviewed Lopez on June 18 and June 23, 2003. The second interview was recorded and was conducted with the benefit of an interpreter. During this interview, Lopez told Carby that she had also hurt herself sometime in April. Carby estimated that the second injury occurred on April 1.

On August 28, 2003, the TWCC conducted a benefit review conference. During that conference, Lopez contended that the April incident occurred on April 4. The parties were unable to reach an agreement during the conference; and on September 4, Zenith filed a notice of controversion. Zenith's notice was dated June 25, 2003, and identified the date of injury as April 1, 2003.

The TWCC conducted a contested case hearing in November. The hearing officer identified the following disputed issues with respect to the April injury:

1. Did Claimant sustain a compensable injury in the course and scope of employment on April 4, 2003?

2. Is Carrier relieved from liability under Texas Labor Code Ann. Sec. 409.002 because of Claimant's failure to timely notify Employer pursuant to Sec. 409.001?

3. Does Claimant have disability as a result of her injury of April 4, 2003?

4. Has Carrier waived the right to contest the compensability of the claimed injury by not timely contesting the injury in accordance with Texas Labor Code Ann. Sec. 409.021 and Sec. 409.222?

Following the hearing, the hearing officer issued a decision and order that included findings of fact and conclusions of law. The hearing officer found that Lopez did not injure herself or suffer damage or harm to the physical structure of her body during the course and scope of her employment and that Lopez did not timely report an April injury to her employer. The hearing officer found that Zenith received written notice of the April 1 claim on June 18 and received written notice of the April 4 claim on September 13 when Lopez responded to Zenith's interrogatories. The hearing officer also found that Zenith did not begin paying benefits or controvert the April 1 or April 4 claims within seven days of receiving written notice. The hearing officer concluded, however, that Zenith had not waived its right to contest Lopez's claim because she did not suffer a compensable injury and, therefore, that Zenith was not liable for benefits.

Lopez, but not Zenith, appealed this decision to the TWCC Appeals Panel. The panel utilized the April 4 injury date and found that, because Zenith did not begin paying benefits or controvert Lopez's claim within seven days of receiving her

of Workers' Compensation. Act of May 29, 2005, 79th Leg. R.S., ch. 265 §§ 8.001(b), 8.004(a), 2005 Tex. Sess. Law Serv. 608. Be-

cause the TWCC was still in existence at all times relevant to this dispute, we will refer to it rather than the Division.

interrogatory answers, it had waived the right to contest the compensability of that injury. Zenith appealed the panel's decision to state court and filed a traditional motion for summary judgment arguing that the panel's decision was erroneous as a matter of law. The trial court granted Zenith's motion and entered a final judgment reversing the panel's decision.

## II. Issues

Lopez challenges the trial court's summary judgment with two issues. First, Lopez argues that the trial court erred because Zenith failed to contest her claim within seven days after it received written notice of her injury. Second, Lopez argues that the trial court erred because the hearing officer's finding of no injury in the course and scope of her employment does not support an exception to the provisions of TEX. LAB.CODE ANN. §§ 409.021, 409.022 (Vernon 2006).

## III. Analysis

### A. Did Zenith Timely Contest Lopez's Claim?

For injuries occurring prior to September 1, 2003, Section 409.021 required carriers to initiate benefits or notify the TWCC and the employee in writing of its refusal to pay benefits within seven days of receiving written notice of an injury.[2] Lopez argues that her statement to Carby during the June 23 interview that she injured herself at work in April constituted a written notice of injury and that, because Zenith did not file a notice of controversion within seven days of this interview, it did not comply with Section 409.021. Zenith answers that Lopez's oral statement cannot constitute a written notice, contends that it did not receive written notice until Lopez's recorded statement was tran-

scribed on September 5, and argues that the date of notice has previously been determined because Lopez did not controvert Carby's affidavit.

### B. Did the Trial Court Have Jurisdiction to Consider Zenith's Controversion?

■■■ We need not resolve whether oral notice can constitute a written notice of injury or if Zenith timely controverted Lopez's claim because the trial court lacked jurisdiction to consider this issue. Subject matter jurisdiction may be raised for the first time on appeal by the parties or by the court. *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser,* 140 S.W.3d 351, 358 (Tex.2004). In fact, courts are *"obliged* to ascertain that subject matter jurisdiction exists regardless of whether the parties have questioned it." *Id.*

The hearing officer's findings are binding if not appealed. TEX. LAB.CODE ANN. § 410.169 (Vernon 2006); *see also TIG Premier Ins. Co. v. Pemberton,* 127 S.W.3d 270, 276 (Tex.App.-Waco 2003, pet. denied) (claimant could not complain about the hearing officer's finding of no causal relationship between his fall and the subsequent diagnosed medical condition because he did not raise that issue with the appeals panel). The hearing officer specifically found that Zenith did not file a notice of controversion within seven days of receiving written notice of injury. The appeals panel's decision indicates that only Lopez appealed the hearing officer's findings.

We realize that Zenith received a favorable result from the hearing officer. This does not alter the analysis. The trial court lacks jurisdiction to consider new issues because, in that instance, the moving party has failed to exhaust its administrative remedies. *See id.* The TWCC allowed a party to make a conditional request for review by the appeals panel if the overall

---

**2.** The statute now provides carriers with fif-

teen days to make this initial decision.

contested-case-hearing decision was favorable. *See* 28 Tex. Admin. Code § 143.3(c) (West 2007). Zenith, therefore, had the opportunity to appeal the hearing officer's finding but did not do so and, consequently, did not exhaust its administrative remedies. *See Krueger v. Atascosa County,* 155 S.W.3d 614, 618–20 (Tex.App.-San Antonio 2004, no pet.) (pro se claimant who received a favorable result at the contested case hearing and did not file an appeal with the appeals panel could not raise issues in judicial review suit that were not presented to the appeals panel).

Furthermore, Section 410.302 limits the issues that the trial court can consider when an appeals panel decision is appealed. Tex. Lab.Code Ann. § 410.302 (Vernon 2006). The statute requires that the appealing party "specifically set forth the determinations of the appeals panel by which [it is] aggrieved." *Id.* The appeals panel noted in its decision that the hearing officer found that Zenith first received written notice on September 13 and then wrote "[t]he carrier does not assert that it submitted a 'Cert–21,' within the required period." Zenith's petition does not complain of this determination.[3]

■ Judicial review is restricted to issues raised before the appeals panel regardless of which party initiates the appeal. *Krueger,* 155 S.W.3d at 619.

Because Zenith did not appeal the hearing officer's and appeal panel's determinations that it did not timely file a notice of controversion, the trial court lacked jurisdiction to consider this issue. Lopez's first issue is moot.

### C. Did Zenith Waive the Right to Contest Lopez's Injury?

■ The hearing officer found that Lopez "did not injure herself or suffer damage or harm to the physical structure of her body during the course and scope of her employment on April 4, 2003 while vacuuming for Employer." Lopez did not appeal this determination, and she acknowledges that it has now become final. She contends, however, that this is of no consequence because Zenith failed to timely controvert her injury. Zenith answers that it was not required to file a notice of controversion because Lopez suffered no injury.

The trial court agreed with Zenith and cited *Continental Casualty Company v. Williamson,* 971 S.W.2d 108 (Tex.App.-Tyler 1998, no pet.), for the proposition that Zenith did not waive its right to contest Lopez's claim because she suffered no injury in the course and scope of her employment. The appeals panel agreed with Lopez. It held that *Williamson* applied when there was a finding of no injury but

---

3. Zenith's petition indicates that it was appealing the reversal of the hearing officer's decision and was seeking to affirm the following findings and conclusions of the hearing officer:

 • Claimant did not injure herself or suffer damage or harm to the physical structure of her body during the course and scope of employment on April 4, 2003 while vacuuming for Employer.
 • Claimant did not report the claimed injury of April 4, 2003 to Employer within 30 days of April 4, 2003.

 • Claimant did not sustain a compensable injury in the course and scope of employment on April 4, 2003.
 • Because Claimant did not sustain a compensable injury, she did not have disability.
 • Carrier is relieved from liability under Texas Labor Code Ann. Sec. 409.002 because of Claimant's failure to timely notify Employer pursuant to Sec. 409.001.
 • Even though Carrier did not timely contest the claimed injury, Carrier did not waive its right to contest compensability because Claimant did not sustain a compensable injury.

not when there was a finding of no compensable injury. Because the medical records established that Lopez has cervical/brachial syndrome, a shoulder sprain/strain, an elbow injury, and a wrist sprain/strain and because Zenith did not appeal the hearing officer's finding that Lopez had been unable to obtain and retain employment due, in part, to the April 4 injury, the panel found that she did have an injury—if not a compensable injury—and that Zenith had waived the right to contest the compensability of that injury.

We agree with the appeals panel. When the legislature adopted Chapter 409 of the Labor Code,[4] it established several deadlines for employees, employers, and carriers and imposed consequences for failing to meet these deadlines. The legislature intended to create a streamlined process for administering compensation claims to avoid delays that caused financial hardship for claimants and a consequent need for early attorney involvement. *Cont'l Cas. Co. v. Downs,* 81 S.W.3d 803, 806 (Tex. 2002). An efficient system also benefits employers and carriers by reducing costs. The legislative deadlines and their application are an important part of this streamlined process.

For pre-September 1, 2003 injuries, Section 409.021(a) required carriers either to begin paying benefits or to give notice of their refusal to pay benefits within seven days of the receipt of written notice of injury. For all injuries if the carrier chooses to dispute a claim, it must state the basis for that refusal and ordinarily is limited to that basis in subsequent proceedings. *See* Section 409.022(b). If, however, it begins paying benefits, the carrier has sixty days from the date it was notified of the injury to conduct an investigation and may deny compensability for any valid reason. Section 409.021(c). For pre-Sep-

tember 1, 2003 injuries, if the carrier neither began paying benefits nor controverted a claim within seven days, it lost the right to take advantage of the sixty-day investigative period and was required to pay benefits. *Downs,* 81 S.W.3d at 807. For post-September 1, 2003 injuries, missing this deadline constitutes an administrative violation that subjects the carrier to a mandatory fine. *See* Section 409.021(a)(2)(B)(a–1).

In *Williamson,* 971 S.W.2d at 108, the carrier missed both the seven-day and sixty-day deadlines. The claimant fell down a staircase at work and was taken to the doctor by his employer's safety director. The doctor found no injury and released the claimant to return to work. The safety director wrote the company's workers' compensation carrier a letter and relayed the events to them including the doctor's finding of no injury. The carrier did not contest the compensability of the injury for more than sixty days after it first received notice. The hearing officer determined that the fall was staged and that the claimant was not injured. The hearing officer also held that the carrier had waived its right to contest the claim. However, because there was no injury, the hearing officer determined that the claimant was not entitled to any benefits. The Tyler Court agreed with the hearing officer. It noted the difference between an injury and a compensable injury and held that the failure to timely controvert a claim cannot create a compensable injury where no injury otherwise exists. *Id.* at 110–11.

The Fort Worth Court has twice held that this rule does not apply when there is an injury and the dispute is over the compensability of that injury. *Alexander v. Lockheed Martin Corp.,* 188 S.W.3d 348 (Tex.App.-Fort Worth 2006, pet. denied);

---

4. TEX. LAB.CODE ANN. ch. 409 (Vernon 2006).

*Zurich Am. Ins. Co. v. Gill,* 173 S.W.3d 878 (Tex.App.-Fort Worth 2005, pet. denied). The court held that this distinction was necessary, at least in part, to effectuate the legislative intent behind Section 409.021. The statute requires a prompt initial decision and creates an incentive for carriers to initially pay benefits if there is any question about the compensability of a claim—but it also provides a quick administrative process to resolve any disputed issues. However, the opportunity to participate in this process is conditioned upon compliance with the statute's deadlines. *See Downs,* 81 S.W.3d at 807 (when carrier fails to comply with seven-day deadline to pay or dispute, it may not avail itself of sixty-day period to investigate or deny compensability).

If a carrier loses the right to contest the compensability of a claim, it may sometimes be required to pay a claim that it could have successfully challenged. This will financially impact the carrier and, from its perspective, will appear as a windfall to the claimant. But because any benefits are calculated based upon an actual injury, if the claimant were not entitled to workers' compensation benefits, presumably they would be entitled to other forms of private or public disability benefits or medical coverage. However, if the carrier is required to pay benefits to an uninjured individual, by definition a windfall results because the claimant is receiving benefits that could not be owed by anyone for a condition that does not exist.

Zenith argues that the Fort Worth Court and the appeals panel have reached the wrong result because they both misinterpret the definition of "injury" in workers' compensation cases. Zenith argues that claimants must establish that their injury is the result of an accident rather than a pre-existing condition and that, if they cannot do so, the carrier is under no obligation to controvert their claim. We agree with Zenith that pre-existing conditions are normally not compensable and that the effect of a waiver holding is to require a carrier to pay benefits for an injury that may be a non-compensable, pre-existing condition. We do not agree, however, with Zenith's conclusion that the Fort Worth Court and TWCC Appeals Panel have misinterpreted the definition of injury. We believe both have properly recognized the distinction between an injury and a compensable injury and believe further that their analysis is consistent with the *Williamson* decision.

In *Alexander,* 188 S.W.3d at 348, the claimant had a pre-existing condition which required the use of a cane and for which she had previously received group health benefits. In *Gill,* 173 S.W.3d at 878, the claimant suffered from allergic rhinitis and maxillary sinusitis. In both cases, the claimant's physical condition was not disputed; but in each the hearing officer found that the injury was not sustained in the course and scope of their employment. In *Williamson,* 971 S.W.2d at 109, the hearing officer found that "Claimant did not sustain damage or harm to the physical structure of his body in the course of an incident on the staircase at the premises of his employer."

Zenith correctly notes that the *Williamson* finding is similar to one made by the hearing officer in this case.[5] Zenith concludes that this finding equates to a finding of no injury and, therefore, that *Williamson* is applicable and that it could not waive its right to contest Lopez's claim. The verbiage of the two findings is similar,

---

5. The hearing officer found that "Claimant did not injure herself or suffer damage or harm to the physical structure of her body during the course and scope of employment on April 4, 2003 while vacuuming for Employer."

but so too was the finding in *Alexander,* 188 S.W.3d at 350.[6] Our analysis requires that we consider these findings—not in isolation, but in light of the entire record. The distinguishing factor is that in *Williamson* the medical doctor reported that the claimant did not suffer any injury. In *Alexander, Gill,* and our case, the medical records indicated that the claimant had an injury. In fact, the doctor who evaluated Lopez at the TWCC's request found that she had a 5% whole person impairment.

■ The dispute was whether that injury was compensable. During closing argument at the contested case hearing, Zenith's counsel summarized its position by saying:

> Your Honor, with respect to the injury that occurred in April or alleged to have occurred in April, one, I think the evidence clearly established if she did sustain any kind of compensable injury on that date, she didn't report it timely to her employer. That's clear from the testimony. And she had no disability that would have resulted from an injury, had there been a compensable injury. As it was, there was no compensable injury.

On appeal, Zenith argues that Lopez's medical records do not establish an injury because they do not show damage or harm to the physical structure of the body that is traceable to a definite time, place, and cause. Thus, by necessity, any injury is a pre-existing condition. Zenith cites no summary judgment evidence characterizing Lopez's injury as a pre-existing condition, but even if we assume that her injury was, that alone is not dispositive because the aggravation of a pre-existing condition

is compensable. *Peterson v. Cont'l Cas. Co.,* 997 S.W.2d 893, 895 (Tex.App.-Houston [1st Dist.] 1999, no pet.).

Zenith's argument is based upon the premise that the claimant has the burden of proof to establish a compensable injury and that substantive satisfaction of this burden—as opposed to procedural or avoidance issues [7]—can be challenged on appeal regardless of whether the carrier complies with Section 409.021. Zenith's position would render the statute's deadlines largely meaningless because it would exempt most, if not all, medical issues from the scope of the legislature's waiver provision. Clearly, the legislature intended that the carrier's initial decision be made promptly and that in any instance their investigation be completed shortly thereafter. By imposing strict deadlines and a waiver provision, the legislature adopted a scheme whereby in some instances the carrier can be forced to pay benefits even though the claimant did not completely discharge its burden of proof at the contested case hearing. The statute's language does not support a construction that exempts medical issues from this process.

We also note that the Texas Supreme Court has twice now had the opportunity to review the Fort Worth Court's construction of the statute but has not done so. We believe that the Fort Worth Court's analysis of the statute is correct and is not inconsistent with the *Williamson* holding. The trial court erred when it held that as a matter of law the hearing officer's finding of no injury in the course and scope of employment prohibited the application of

---

**6.** The hearing officer's decision stated that "[a]lthough [Appellant] did not sustain an injury in the course and scope of employment on October 17, 2002, her injury is compensa-

ble because [Appellee] waived the right to contest compsensability."

**7.** For example, timely reporting an injury or intentional injuries.

the waiver doctrine. Lopez's second issue is sustained.

## IV. *Holding*

The judgment of the trial court is reversed, and this case is remanded to the trial court for further proceedings.