**In re METROPOLITAN TRANSIT AUTHORITY, Relator.**

No. 01–10–00752–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 3, 2011.

Rehearing and Rehearing En Banc Overruled Feb. 28, 2011.

---

Dana M. Gannon, Flahive, Ogden & Latson, Austin, TX, Michael P. Doyle, Doyle Raizner LLP, Houston, TX, for Relator.

Robert D. Stokes, Flahive, Ogden & Latson, Austin, TX, for Real Party in Interest.

Panel consists of Justices KEYES, HIGLEY, and BLAND.

## OPINION

JANE BLAND, Justice.

Metropolitan Transit Authority ("Metro") filed a petition for writ of mandamus, requesting that this Court compel the trial court to set aside its order denying Metro's plea to the jurisdiction for failure to exhaust administrative remedies and to enter an order granting the plea.[1] We deny the petition.

### Background

The underlying case involves a claim for workers' compensation benefits. Metro employed Sharon Wilson as a bus driver. She was hurt in a motor-vehicle accident with another bus. Wilson filed a workers' compensation claim with the Texas Department of Insurance, Division of Workers' Compensation ("DWC"). Metro, which is self-insured, agreed that Wilson had a compensable, work-related lumbar sprain as a result of the accident. But Wilson also claimed that the accident caused a foot injury that, in turn, caused a burn with an infection in her right foot and the auto-amputation of her right great toe. Metro disputed the toe injury.

In the administrative proceedings, Metro denied the compensability of the infection of Wilson's right foot, including the auto-amputation of her right great toe. Wilson responded that medical-care pro-

viders had instructed her to treat her injuries, including the trauma to her right foot, with heat therapy and that the heat therapy resulted in an infection of her right foot and auto-amputation of her right great toe. Wilson also responded that Metro had waived its right to challenge compensability because it did not dispute the extent of Wilson's injury within 60 days of receiving notice that her claim included her right foot.

After the parties could not resolve their differences at a benefit review conference, the case proceeded to a contested case hearing on the following three issues:

1. Did the compensable injury of 10/11/06 extend to include an infection of the right foot, including an auto-amputation of the right great toe?

2. Did [Wilson] have disability resulting from the 10/11/06 compensable injury, and if so, for what period(s)?

3. Has [Metro] waived the compensability of an infection of the right foot, including an auto-amputation of the right great toe, by not timely contesting its compensability in accordance with the Texas Labor Code Sections 409.021 and 409.022?

The hearing officer issued a decision favorable to Metro, concluding that it was not liable for medical benefits for the treatment of the infection of Wilson's right foot and auto-amputation of her right great toe. The hearing officer's decision and order included the following findings of fact:

5. The infection of the right foot and auto-amputation of the right great

1. The underlying case is *Metropolitan Transit Authority v. Sharon Wilson*, No. 2007–73450 in the 133rd District Court of Harris County, the Honorable Jaclanel McFarland presiding.

toe did not arise or naturally flow from the compensable injury.

6. Any inability of [Wilson] at any time to obtain and retain employment at wages equivalent to her pre-injury wage is not due to a compensable injury of that date.

7. [Metro], through a reasonable investigation, could not have determined within 60 days following the notice of injury that the right foot infection and auto-amputation of the right great toe was part of the claimed injury.

The decision and order then listed the following relevant conclusions of law:

3. The compensable injury of October 11, 2006, [sic] does not extend to an infection of the right foot, including an auto-amputation of the right great toe.

4. [Wilson] did not have disability through the date of this hearing from the October 11, 2006, compensable injury.

5. [Metro] did not waive the right to contest the compensability of the infection of the right foot and auto-amputation of the right great toe by not contesting compensability in accordance with Texas Labor Code Sections 409.021 and 409.022.

Wilson appealed the hearing officer's decision to the DWC's appeals panel, requesting review of each of these adverse findings of fact and conclusions of law. The appeals panel considered the evidence in the case and reversed the hearing officer's decision. The appeals panel rendered a new decision that Metro "waive[d] the right to contest the compensability of the infection of the right foot and auto-amputation of the right great toe by not timely contesting compensability." The appeals panel likewise reversed the hearing officer's determination of the extent of Wilson's injury. It concluded that "the compensable injury ... does extend to an infection of the right foot, including an auto-amputation of the right great toe by operation of waiver." Finally, the appeals panel remanded the case to the hearing officer for a determination of the disability due to Wilson. Although it made findings regarding compensability and extent of injury, the appeals panel did not specifically reverse the hearing officer's fifth finding of fact, i.e., that "[t]he infection of the right foot and auto-amputation of the right great toe did not arise or naturally flow from the compensable injury."

Metro sought judicial review of the appeals panel's decision. Having obtained a favorable result from the appeals panel, Wilson did not file an appeal in the district court. She filed a general denial of the allegations in Metro's original petition and asserted a counterclaim requesting attorneys' fees.

Metro then filed a plea to the jurisdiction, arguing that the district court's jurisdiction is confined to the waiver issue. Metro asserts that the appeals panel's determination that the infection of Wilson's right foot was compensable "by operation of waiver" precludes any other finding that might support its decision. Under Metro's theory, a decision in its favor on the waiver issue would eliminate the need for a trial on the merits or any further inquiry into its liability.

Wilson responds that she is not an aggrieved party required to seek judicial review in order to defend her claim and the appeals panel's decision against Metro's appeal. She observes that she appealed each of the hearing officer's adverse findings and conclusions to the appeals panel, and the appeals panel decided in favor of her claim. Wilson further notes that the appeals panel decided both issues of com-

pensability and extent of injury, and made no adverse findings by which she is bound in the district court.

After considering the arguments made by Metro and Wilson, the district court denied the plea to the jurisdiction, finding that it could consider the extent of Wilson's injury. Metro's petition for writ of mandamus followed.

## Discussion

Metro's petition raises a single issue: whether the trial court has jurisdiction to consider the extent of Wilson's injury.

### Standard of Review

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show the trial court clearly abused its discretion and there is no adequate remedy by appeal. *In re Laibe Corp.*, 307 S.W.3d 314, 316 (Tex.2010) (orig.proceeding) (per curiam). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Columbia Med. Ctr. of Las Colinas*, 306 S.W.3d 246, 248 (Tex.2010) (orig.proceeding) (per curiam); *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex.2005) (orig.proceeding) (per curiam). In determining whether appeal is an adequate remedy, we consider whether the benefits outweigh the detriments of mandamus review. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex.2008) (orig.proceeding). The failure to grant a plea to the jurisdiction for failure to exhaust administrative remedies with the DWC is subject to mandamus review in order to prevent disruption of the orderly process of government. *In re Liberty Mut. Fire Ins. Co.*, 295 S.W.3d 327, 328 (Tex.2009) (orig.proceeding) (per curiam).

### Plea to the Jurisdiction

A plea to the jurisdiction challenging exhaustion of administrative remedies under the workers' compensation scheme is a contest of the trial court's subject matter jurisdiction. *Schwartz v. Ins. Co. of State of Pa.*, 274 S.W.3d 270, 273 (Tex.App.-Houston [1st Dist.] 2008, pet. denied); *see Stinson v. Ins. Co. of State of Pa.*, 286 S.W.3d 77, 83 (Tex.App.-Houston [14th Dist.] 2009, pet. denied) (op. on reh'g). Such a contest may rest on pleadings or on evidence. *Stinson*, 286 S.W.3d at 83. When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004). We construe the pleadings liberally and look to the pleader's intent. *Id.* If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the party should be afforded the opportunity to amend. *Westbrook v. Penley*, 231 S.W.3d 389, 395 (Tex.2007). If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the pleader an opportunity to amend. *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002).

### Exhaustion of Administration Remedies

"The Workers' Compensation Act vests the Workers' Compensation Division with exclusive jurisdiction to determine a claimant's entitlement to medical benefits." *In re Liberty Mut. Fire Ins. Co.*, 295 S.W.3d at 328. When an agency has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the agency's ac-

tion. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002). The exhaustion requirement ensures that the administrative agency has the opportunity to resolve disputed fact issues within its exclusive jurisdiction before a court addresses those issues. *Stinson*, 286 S.W.3d at 84 (citing *Essenburg v. Dallas County*, 988 S.W.2d 188, 189 (Tex. 1998) (per curiam)).

Chapter 410 of the Workers' Compensation Act addresses disputes regarding compensability and extent of injury. This chapter establishes a four-tier system for the disposition of claims. In the first tier, the parties participate in a "benefit review conference" conducted by a "benefit review officer." TEX. LAB.CODE ANN. §§ 410.021–.034 (Vernon 2006 & Supp. 2010). The conference, which is a "nonadversarial, informal dispute resolution proceeding," is designed to "mediate and resolve disputed issues by agreement of the parties." *Id.* § 410.021(3) (Vernon 2006). In the second tier, "if issues remain unresolved after a benefit review conference, the parties, by agreement, may elect to engage in arbitration," and, absent an agreement, a party is entitled to seek relief at a contested case hearing. *Id.* §§ 410.104, 410.151–.169 (Vernon 2006). In the third tier, a party may seek review by an administrative appeals panel. *Id.* §§ 410.201–.208 (Vernon 2006). A party seeking review by an administrative appeals panel must "rebut . . . the decision of the hearing officer on each issue on which review is sought." *Id.* § 410.202(c). "The appeals panel shall review each request and issue a written decision on each reversed or remanded case." *Id.* § 410.204(a). If the appeals panel does not issue a decision in accordance with section 410.204, the decision of the hearing officer becomes final and is the final decision of the appeals panel. *Id.* § 410.204(c). Finally, in the fourth tier, an aggrieved party may seek judicial review. *Id.* §§ 410.251–.308 (Vernon 2006 & Supp. 2010). Section 410.302 limits judicial review to "issues decided by the appeals panel and on which judicial review is sought." *Id.* § 410.302(b) (Vernon 2006). "The pleadings must specifically set forth the determinations of the appeals panel by which the party is aggrieved." *Id.*

The appeals panel ruled in Wilson's favor by reversing the hearing officer's decision and remanding for a determination of the disability owed to Wilson. Metro reads the appeals panel's decision too narrowly when it asserts that the failure to specifically address the hearing officer's finding that "[t]he infection of the right foot and auto-amputation of the right great toe did not arise or naturally flow from the compensable injury" constitutes an adverse finding that precludes Wilson from defending the appeals panel's decision in her favor. Under the subtitle "Extent of Injury," the appeals panel reversed "the hearing officer's determination that the compensable injury of October 11, 2006, does not extend to an infection of the right foot, including an auto-amputation of the right great toe." Although the appeals panel's decision includes the statement that the compensable injury extends to the infection of Wilson's right foot "by operation of waiver," this determination does not limit the panel's overall decision to reverse the hearing officer regarding the extent of Wilson's injury. The appeals panel considered the evidence in the case and rendered a decision on the extent of injury in Wilson's favor. *See id.* And, by its own pleadings, Metro generally requested judicial review of the appeals panel's determination "[t]hat [Wilson's] injury of October 11, 2006, extends to an infection of the right foot, including an auto-amputation of the right great toe."

Metro relies primarily on three cases decided by our sister courts of appeals to support its assertion that the district court is without jurisdiction to review anything more than the application of the waiver doctrine in this case. *See Lopez v. Zenith Ins. Co.*, 229 S.W.3d 775 (Tex.App.-Eastland 2007, pet. denied); *Krueger v. Atascosa Cnty.*, 155 S.W.3d 614 (Tex.App.-San Antonio 2004, no pet.); *Tex. Mut. Ins. Co. v. Ochoa*, No. 04–09–00401–CV, 2010 WL 2844464 (Tex.App.-San Antonio July 21, 2010, no pet.). These cases are procedurally distinct. In each case, the dispositive issue was the *complaining* party's failure to appeal the hearing officer's findings and conclusions to the appeals panel—not the *prevailing* party's failure.

For instance, in *Lopez*, a hearing officer issued some adverse findings against the insurance carrier regarding its failure to timely file a notice, but ruled in its favor. 229 S.W.3d at 777. The claimant filed an administrative appeal with the appeals panel. *Id.* The appeals panel reversed the hearing officer's decision, the insurance carrier lost, and it sought judicial review. *Id.* at 778. The Eastland Court of Appeals concluded that the district court lacked jurisdiction to consider determinations about the timeliness of the insurance carrier's notice because the insurance carrier had not appealed the hearing officer's decision to the appeals panel. *Id.* at 778–79; *see also Krueger*, 155 S.W.3d at 619 (holding that claimant who obtained favorable result at case hearing, but against whom adverse ruling was made, must present adverse ruling to appeals panel in order to exhaust administrative remedies); *Ochoa*, 2010 WL 2844464, at *4 (holding that hearing officer's decision was final and binding on issue neither party appealed).

There is no dispute here that Wilson appealed each of the hearing officer's adverse findings and conclusions to the ap-peals panel. The appeals panel then decided the issues of compensability and the extent of injury in favor of Wilson. Wilson seeks only to defend the appeals panel's decision in the district court. Metro cites no case holding that a party has failed to exhaust its administrative remedies under such circumstances. Accordingly, we decline to hold that Wilson failed to exhaust her administrative remedies or that the district court lacks jurisdiction to consider the extent of Wilson's injury.

## Conclusion

We hold the district court did not clearly abuse its discretion in denying Metro's plea to the jurisdiction for failure to exhaust administrative remedies before the DWC. Accordingly, we deny Metro's petition for writ of mandamus.