**Opinion issued July 15, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00344-CV

————————————

**ZURICH AMERICAN INSURANCE COMPANY, Appellant**

**V.**

**SANDRA A.  DEBOSE, Appellee**

---

**On Appeal from the 133rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2006-54103**

---

## MEMORANDUM OPINION

Appellant, Zurich American Insurance Company, appealed an administrative

decision regarding coverage of worker's compensation insurance to the trial court.

Both parties filed motions for summary judgment.  The trial court granted the

motion for summary judgment filed by appellee, Sandra A. Debose, and denied

Zurich American's motion. In five issues, Zurich American argues (1) Zurich American did not waive its right to contest the extent of Debose's injury based on sections 409.021 and 409.22 of the Texas Labor Code, (2) the trial court lacked jurisdiction to consider whether Zurich American waived its right to contest the extent of Debose's injury based on sections 124.3 and 133.240(a) of title 28 of the Texas Administrative Code, (3) Zurich American did not otherwise waive its right to contest the extent of Debose's injury, (4) a finding of fact made in the administrative process is binding based on Debose's failure to challenge that finding, and (5) the award of Debose's attorney's fees should be reversed.

We reverse and remand.

## Background

Debose fell and injured her right knee on August 1, 2004, while she was at work as a nurse for Methodist Hospital. Three days later, Methodist Hospital reported the injury to Zurich American, the hospital's worker's compensation insurance provider. Zurich American recognized compensability for Debose's claims and began paying medical bills.

The diagnoses of injuries to Debose's knee included diagnoses of symptoms the parties refer to collectively as "degenerative joint disease." The diagnosis of degenerative joint disease was made as a part of Debose's initial evaluation and was made known to Zurich American a short time later. The record indicates that

up until November 29, 2005, Zurich American had paid at least some costs incurred as a result of treatment of and care for the degenerative joint disease.

On November 29, 2005, Zurich American filed its first dispute that treatment relating to Debose's degenerative joint disease was compensable. That dispute formed the basis of the parties' litigation. The parties brought their dispute before a hearing officer for a contested case hearing in the administrative process. The hearing officer identified two issues raised by the parties:

1.      Does the compensable injury extend to include . . . degenerative joint disease . . . of the right knee?

2.      Has [Zurich American] waived the right to contest compensability of . . . degenerative joint disease . . . of the right knee by not timely contesting the injury in accordance with Texas Labor Code Ann. Sections 409.021 and 409.022?

Following a hearing, the hearing officer issued his order, which contained findings of fact and conclusions of law. In his findings of fact, the hearing officer determined, among other things,

3.      [Debose] did not sustain, worsen or accelerate degenerative arthritic conditions in her right knee in or as a result of the compensable injury of August 1, 2004.

4.      [Zurich American] had notice of the claimed injury as of August 4, 2004.

5.      The diagnosis of degenerative joint disease . . . was reasonably discoverable by [Zurich American] within 60 days of August 4, 2004.

6. [Zurich American] did not file any dispute until November 29, 2005.

In his conclusions of law, the hearing officer determined, among other things,

3. [Zurich American] waived the right to contest the compensability of . . . degenerative joint disease . . . of the right knee by not timely contesting the injury in accordance with Tex. Labor Code Ann. 409.021 and 409.022.

4. The compensable injury extends to include . . . degenerative joint disease . . . to the right knee.

The hearing officer's order contained a section titled "Decision." In that section, the order states,

[Zurich American] waived the right to contest the compensability of . . . degenerative joint disease . . . of the right knee by not timely contesting the injury in accordance with Tex. Labor Code Ann. 409.021 and 409.022. The compensable injury extends to include . . . degenerative joint disease . . . to the right knee.

Zurich American appealed the hearing officer's order to an administrative appeals panel. In its request for review, Zurich American asserted it was appealing the hearing officer's third and fourth conclusions of law. The appeals panel adopted the hearing officer's order as its own decision.

Zurich American then sought judicial review before the trial court in the underlying case. In its petition, Zurich American asserted that "this original petition is a request for judicial review of all referenced issues tendered before the

4

Texas Department of Insurance, Division of Worker's Compensation and appealed by the Plaintiff herein." Zurich American further pleaded,

> [Zurich American] would respectfully show []to this honorable court that this decision, the basis of this appeal was in error by holding as follows:
>
>> 1) [Zurich American] waived its right to dispute the compensability of the . . . degenerative joint disease . . . of the right knee by not timely contesting the injury in accordance with Tex. Labor Code Ann. Sections 409.021 and 409.022; and
>>
>> 2) The compensable injury extends to and includes . . . degenerative joint disease . . . of the right knee.

Debose filed a general denial. She also asserted a counter-claim for attorneys' fees.

The parties later filed cross motions for summary judgment on the matter of whether Zurich American had waived its right to contest the compensability of the degenerative joint disease in Debose's right knee. The trial court granted Debose's motion for summary judgment and denied Zurich American's motion for summary judgment, determining that Zurich American had waived its right to contest the compensability of Debose's degenerative joint disease in her right knee.

Zurich American filed a notice of appeal. We determined that we lacked jurisdiction to consider the appeal because the trial court had not ruled on Debose's

claim for attorneys' fees and, accordingly, the judgment was not final.[1] The trial court subsequently awarded Debose attorneys' fees, and this appeal followed.

## Standard of Review

The summary-judgment movant must conclusively establish its right to judgment as a matter of law. *See MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). Because the propriety of summary judgment is a question of law, we review a trial court's summary judgment decision de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

To prevail on a "traditional" summary-judgment motion asserted under Rule 166a(c), a movant must prove that there is no genuine issue regarding any material fact and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004). A matter is established as a matter of law if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

To determine if there is a fact issue, we review the evidence in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *See Fielding*, 289 S.W.3d at 848 (citing *City of Keller,* 168 S.W.3d at 827). We

---

[1] *See Zurich Am. Ins. Co. v. Debose*, No. 01-08-00717-CV, 2009 WL 793851, at *2 (Tex. App.—Houston [1st Dist.] Mar. 26, 2009, pet. denied).

indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

When, as here, the parties file cross-motions for summary judgment on overlapping issues, and the trial court grants one motion and denies the other, we review the summary judgment evidence supporting both motions and "render the judgment that the trial court should have rendered." *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

**Waiver of Compensability**

In its first issue, Zurich American argues that it did not waive its right to contest the extent of Debose's injury based on sections 409.021 and 409.22 of the Texas Labor Code. Section 409.021 of the Texas Labor Code requires an insurance carrier to contest the compensability of an injury by the 60th day after the carrier has received notice of the injury. TEX. LAB. CODE ANN. § 409.021(c) (Vernon Supp. 2013). Failure to contest compensability by the 60th day results in waiver of the right to contest compensability at all.[2] *Id.*; 28 TEX. ADMIN. CODE § 124.3.

In contrast, an insurance carrier is not limited by the 60-day deadline to challenge the extent of the injury. 28 TEX. ADMIN. CODE § 124.3(e). Instead,

---

[2] This is subject to an exception that is not applicable in this case. *See* TEX. LAB. CODE ANN. § 409.021(d) (Vernon Supp. 2013) (allowing insurance carrier to avoid application of waiver if it establishes that it could not reasonably have discovered evidence disproving compensability earlier).

7

when an insurance carrier receives a medical bill that includes treatment or services the carrier believes is not related to the compensable injury, the carrier has 45 days from the receipt of the medical bill to file a notice of dispute of extent of injury. *See id.* §§ 124.3(e) (requiring insurance carrier to dispute bill containing allegedly unrelated treatments or services not later than time to pay or deny medical bill in chapter 133 of title 28 of Texas Administrative Code), 133.240(a) (setting 45-day deadline for insurance carrier to make or deny payment on medical bill).

The controlling determination for this issue, then, is whether Zurich American's claim that it is not obligated to reimburse Debose for treatment and care of her degenerative joint disease is a challenge to the compensability of Debose's injury or a challenge to the extent of Debose's injury. Zurich American argues our analysis of this issue is controlled by *State Office of Risk Mgmt. v. Lawton*, 295 S.W.3d 646 (Tex. 2009). We agree.

The facts of *Lawton* bear a strong resemblance to the facts of this case. Lawton injured her left knee while working. *Id.* at 647. She was diagnosed with a left knee contusion and strain. *Id.* The State Office of Risk Management, the administrator for Lawton's workers' compensation insurance program, acknowledged compensability and began paying benefits. *Id.* Twenty days after her injury, an MRI revealed "degenerative changes" to Lawton's knee. *Id.* An

8

orthopedic surgeon recommended surgery. *Id.* A peer review physician determined that the conditions for which surgery was sought were related to the degenerative changes and not the contusion and strain. *Id.* Based on this—and after the expiration of the 60-day deadline to challenge compensability—the State Office of Risk Management "refused to pay benefits for any pre-existing degenerative joint disease," disputing the extent of Lawton's injury. *Id.*

The hearing officer determined that the State Office of Risk Management could have discovered the extent of Lawton's injury within the initial 60-day period, but did not do so. *Id.* Based on that, the hearing officer determined the State Office of Risk Management had waived its right to dispute payment for treatment and care of Lawton's degenerative joint disease. *Id.* The appeals panel affirmed the hearing officer's decision. *Id.*

The Supreme Court of Texas recognized that the Texas Administrative Code drew a clear distinction between denying compensability in general and denying the extent of injury in specific. *Id.* at 649. In doing so, it quoted at length from the Texas Register. *Id.* In defining compensability of an injury, the Texas Register provides, "Texas Labor Code, §409.021, is intended to apply to the compensability of the injury itself or the carrier's liability for the claim as a whole, not individual aspects of the claim." 25 Tex. Reg. 2096, 2097 (2000). In defining extent of an injury, the Texas Register provides,

9

> When a carrier disputes the extent of an injury, it is not denying the compensability of the claim as a whole, it is disputing an aspect of the claim. . . . [A] dispute involving extent of injury is a dispute over the amount or type of benefits, specifically, medical benefits, to which the employee is entitled (i.e., what body areas/systems, injuries, conditions or symptoms for which the employee is entitled to treatment); it is not a denial of the employee's entitlement to benefits in general.

*Id.*; *see also Lawton*, 295 S.W.3d at 649 (quoting same).

Based on these distinctions, the Supreme Court of Texas held that the State Office of Risk Management's dispute of any obligation to compensate Lawton's injuries related to her degenerative joint disease was not barred by the 60-day deadline to dispute compensability. *Lawton*, 295 S.W.3d at 649–50. Accordingly, the court rendered judgment that the State Office of Risk Management had not waived its right to contest the extent of Lawton's injuries. *Id.* at 650.

Given that there is no meaningful distinction between the facts of *Lawton* and the facts of this case, we are obligated to reach the same legal conclusion. Debose injured her right knee and Zurich American acknowledged that the workplace injury was compensable. Debose was diagnosed with degenerative joint disease and at least some of her medical expenditures have been for the care and treatment of the degenerative joint disease. Zurich American subsequently challenged a certain medical bill, claiming that the care for the injuries Debose sustained as a result of her fall at work did not extend to the care for the injuries related to the degenerative joint disease appearing on the bill. This challenge is not

10

a denial of the compensability of Debose's injury in general. Instead, it is a challenge to the extent of Debose's injuries sustained at work.

We note that the hearing officer in this case observed,

> The Appeals Panel decisions that interpret the statute—and that control this tribunal—are clear, however, and are solidly against [Zurich American] here. In essence, any medical condition mentioned in records generated within the 60-day "dispute" window, and definitely not "ruled out" as part of the initial compensable injury by previously generated records, is "waivable" if not timely disputed.

We further note that *Lawton* was decided after the hearing officer issued his order and the appeals panel affirmed it. The issue before the hearing officer specifically concerned whether Zurich American had waived the right to dispute its obligation to pay for treatment and care for Debose's degenerative joint disease "by not timely contesting the injury in accordance with Texas Labor Code Ann. Sections 409.021 and 409.022." This issue is controlled by *Lawton*, and *Lawton* holds that sections 409.021 and 409.022 do not bar Zurich American's dispute. *See id.*

The trial court granted Debose's motion for summary judgment and denied Zurich American's motion for summary judgment, determining that Zurich American had waived its right to challenge payment of treatment of Debose's degenerative joint disease based on the deadline to challenge compensability. *Lawton* establishes as a matter of law that Zurich American has not waived its right to challenge payment for treatment of Debose's degenerative joint disease based on the deadline to challenge compensability. When, as here, the parties file cross-

11

motions for summary judgment on overlapping issues, and the trial court grants one motion and denies the other, we review the summary judgment evidence supporting both motions and "render the judgment that the trial court should have rendered." *FM Props.*, 22 S.W.3d at 872. Accordingly, we render judgment on this issue in favor of Zurich American.

We sustain Zurich American's first issue.

## Waiver of Extent of Injury

Debose asserts in her brief that, even if we sustained appellant's first issue, we could still affirm the trial court's judgment. Debose argues that, even if Zurich American's dispute over payments for her degenerative joint disease treatment was not waived by the 60-day compensability deadline, Zurich American waived a 45-day deadline to challenge extent of injury. Debose relies on sections 124.3 and 133.240 of title 28 of the Texas Administrative Code for authority that the 45-deadline exists and relies on *Lawton* for authority that failure to meet the 45-day deadline results in waiver. *See* 28 TEX. ADMIN. CODE §§ 124.3(e) (requiring insurance carrier to dispute bill containing allegedly unrelated treatments or services not later than time to pay or deny medical bill in chapter 133 of title 28 of Texas Administrative Code), 133.240(a) (setting 45-day deadline for insurance carrier to make or deny payment on medical bill); *Lawton*, 295 S.W.3d at 650 (discussing application of 45-day deadline).

In its third issue, Zurich American argues waiver of extent of injury cannot be a basis to affirm the trial court's judgment because the trial court lacked jurisdiction to consider this argument. We agree with Zurich American.

"The Workers' Compensation Act vests the Workers' Compensation Division with exclusive jurisdiction to determine a claimant's entitlement to medical benefits." *In re Liberty Mut. Fire Ins. Co.*, 295 S.W.3d 327, 328 (Tex. 2009); *see also In re Metro. Transit Auth.*, 334 S.W.3d 806, 811 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding [mand. denied]) (quoting same). When an agency has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the agency's action. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002). The exhaustion requirement ensures that the administrative agency has the opportunity to resolve disputed fact issues within its exclusive jurisdiction before a court addresses those issues. *In re Metro. Transit*, 334 S.W.3d at 811.

The Texas Workers' Compensation Act provides a four-tier system for the disposition of claims. *Subsequent Injury Fund v. Serv. Lloyds Ins. Co.*, 961 S.W.2d 673, 675 (Tex. App.—Houston [1st Dist.] 1998, pet. denied); *see generally* TEX. LAB. CODE ANN. §§ 410.002–410.308 (Vernon 2006 & Supp. 2013). The first tier is a benefit review conference conducted by a benefit review officer. *Subsequent Injury Fund*, 961 S.W.2d at 675. From the benefit review conference,

13

the parties may proceed, by agreement, to arbitration. *Id.* If the parties do not agree to arbitrate, the aggrieved party may seek relief at a contested case hearing. *Id.* The hearing officer's decision is final in the absence of an appeal. TEX. LAB. CODE ANN. § 410.169 (Vernon 2006). At the third tier, a party may seek review by an administrative appeals panel. *Subsequent Injury Fund*, 961 S.W.2d at 675. In the fourth tier, a party aggrieved by a final decision of the appeals panel has the right to seek judicial review of the appeals panel decision. TEX. LAB. CODE ANN. § 410.251 (Vernon 2006); *Cont'l Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 398 (Tex. 2000); *see also In re Tex. Workers' Comp. Ins. Fund*, 995 S.W.2d 335, 37 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding [mand. denied]).

A party may not raise an issue in the trial court that was not raised before an appeals panel. TEX. LAB. CODE ANN. § 410.302(b) (Vernon 2006); *In re Metro. Transit*, 334 S.W.3d at 811. A trial is "limited to issues decided by the appeals panel and on which judicial review is sought," and the "pleadings must specifically set forth the determinations of the appeals panel by which the party is aggrieved." TEX. LAB. CODE ANN. § 410.302(b). A party waives judicial review of any issue not raised before the appeals panel and identified in a timely request for judicial review. *Thompson v. Ace Am. Ins. Co.*, No. 01-10-00810-CV, 2011 WL 3820889, at *4 (Tex. App.—Houston [1st Dist.] Aug. 25, 2011, pet. denied) (mem. op.).

The only issue of waiver presented to the hearing officer or the appeals panel was whether Zurich American had waived its right to contest payment pursuant to sections 409.021 and 409.022 of the Texas Labor Code. *See* TEX. LAB. CODE ANN. §§ 409.021, .022. These sections do not establish the 45-day deadline to contest extent of injury in a bill. That, instead, is governed by sections 124.3 and 133.240 of title 28 of the Texas Administrative Code. *See* 28 TEX. ADMIN. CODE §§ 124.3(e), 133.240(a). Because waiver under these sections of the Administrative Code was never presented for consideration in the administrative review process, the trial court lacked jurisdiction to consider it. *See Subaru of Am.*, 84 S.W.3d at 221 (holding parties must exhaust administrative remedies before seeking judicial review); TEX. LAB. CODE ANN. § 410.302(b) (requiring issues presented to trial court to be limited to issue presented to administrative appeals panel); *Thompson*, 2011 WL 3820889, at *4 (holding party waives judicial review of any issue not raised before appeals panel). Accordingly, any waiver of the right to contest extent of injury could not have been a ground upon which the trial court could have granted summary judgment.

We sustain Zurich American's third issue.[3]

---

[3] Because we have sustained its third issue, we do not need to reach Zurich American's fourth issue concerning whether it had waived its right to dispute extent of injury. *See* TEX. R. APP. P. 47.1. Instead, because the trial court lacked jurisdiction to consider it, we may not consider it either. *See* TEX. R. APP. P.

15

**Attorneys' Fees**

In its fifth issue, Zurich American argues that, because Debose is no longer a prevailing party, the trial court's award of her attorneys' fees should also be reversed. Debose sought attorneys' fees under section 408.221 of the Texas Labor Code. TEX. LAB. CODE ANN. § 408.221(c) (Vernon 2006). That section provides, in pertinent part,

> An insurance carrier that seeks judicial review . . . of a final decision of the appeals panel regarding compensability or eligibility for . . . income or death benefits is liable for reasonable and necessary attorney's fees . . . incurred by the claimant as a result of the insurance carrier's appeal if the claimant prevails on an issue on which judicial review is sought by the insurance carrier. . . .

*Id.* Because we are reversing the trial court's award of summary judgment, Debose is no longer a prevailing party. Accordingly, section 408.221 cannot support the award of attorneys' fees.

We sustain Zurich American's fifth issue.

**Disposition**

Zurich American appealed two issues to the trial court: (1) whether it had waived its right to challenge payment of treatment of Debose's degenerative joint disease based on the deadline to challenge compensability and (2) whether Debose's compensable injury extends to and includes degenerative joint disease of

33.1(a) (requiring complaint to be presented to and ruled on by trial court in order to be considered on appeal).

16

the right knee. Both parties moved for summary judgment on the first issue. The trial court granted summary judgment on that issue in favor of Debose, determining that Zurich American had waived its right to challenge payment of treatment of Debose's degenerative joint disease. That determination was dispositive of the substantive issues before the trial court.

We have reversed that determination, holding instead that, as a matter of law, Zurich American has not waived its right to challenge payment of treatment of Debose's degenerative joint disease. This leaves unresolved the second issue of whether Debose's compensable injury extends to and includes degenerative joint disease of the right knee. Zurich American argues in its second issue that we can render on this issue as well because Debose did not challenge the finding of fact made by the hearing officer that she "did not sustain, worsen or accelerate degenerative arthritic conditions in her right knee in or as a result of the compensable injury of August 1, 2004." Zurich American argues that, because Debose did not challenge this finding of fact, the trial court lacks subject-matter jurisdiction to consider the matter now. Accordingly, Zurich American reasons that we can render judgment on both issues it raised in the trial court.

As a general rule, we cannot rule on matters that were not presented to and ruled on by the trial court. *See* TEX. R. APP. P. 33.1(a)(1), (2) (requiring, as prerequisite to presenting argument on appeal, that complaint be presented to trial

court and ruling made by trial court); *Cont'l Cas. Co. v. Am. Safety Cas. Ins. Co.*, 365 S.W.3d 165, 173 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (holding "issues not expressly presented to the trial court by written motion for summary judgment cannot be considered as grounds to affirm or reverse the trial court's judgment"). When an argument concerns subject-matter jurisdiction, however, appellate courts are required to consider it, even if the argument is raised for the first time on appeal. *See In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 306 (Tex. 2010) (holding appellate courts are required to determine whether subject-matter jurisdiction exists regardless of whether raised by parties).

As we have noted, a party may not raise an issue in the trial court that was not raised before the administrative appeals panel. TEX. LAB. CODE ANN. § 410.302(b); *In re Metro. Transit*, 334 S.W.3d at 811. A trial court lacks subject-matter jurisdiction over any issue that was not properly presented to the appeals panel. *Frank v. Liberty Ins. Corp.*, 255 S.W.3d 314, 320 (Tex. App.—Austin 2008, pet. denied). Consequently, we must determine whether Debose's failure to appeal a finding of fact made by the hearing officer deprived the trial court of subject-matter jurisdiction to consider whether Debose's compensable injury extends to and includes degenerative joint disease of the right knee.

There are three levels of administrative review under the workers' compensation act. *See In re Metro. Transit*, 334 S.W.3d at 811. The levels consist

18

of an administrative review, a contested case hearing, and review by an appeals panel. *Id.* The Labor Code provides that one of the purposes of the benefit review conference is to "discuss the facts of the claim, review available information in order to evaluate the claim, and delineate the disputed issues." TEX. LAB. CODE ANN. § 410.021(2) (Vernon 2006). The parties must attempt to resolve these disputed issues. TEX. LAB. CODE ANN. § 410.023 (Vernon Supp. 2013).

If the parties fail to resolve the disputed issues, they can be presented to a hearing officer in a contested case hearing. TEX. LAB. CODE ANN. § 410.151(b) (Vernon 2006). The issues before the hearing officer are limited to those raised in the benefit review conference, those agreed to by the parties, and those for which good cause existed for not raising previously. *Id.* A party seeking to appeal the decision of the hearing officer "must clearly and concisely rebut . . . the decision of the hearing officer on each issue on which review is sought." TEX. LAB. CODE ANN. § 410.202(c) (Vernon 2006).

After those administrative remedies are exhausted, the party can seek judicial review in a trial court. *Id.* § 410.251. A trial is "limited to issues decided by the appeals panel and on which judicial review is sought," and the "pleadings must specifically set forth the determinations of the appeals panel by which the party is aggrieved." TEX. LAB. CODE ANN. § 410.302(b).

It is the act of raising the disputed issues at each level of the administrative review process that exhausts a party's administrative remedies. As the Austin Court of Appeals has held, "[t]hroughout the workers' compensation act, 'issue' is never used to refer to legal arguments or doctrines; rather, 'issue' is used to refer to disputed matters related to the underlying workers' compensation claim." *Tex. Workers' Comp. Ins. Fund v. Tex. Workers' Comp. Comm'n*, 124 S.W.3d 813, 820 (Tex. App.—Austin 2003, pet. denied). We agree with this holding. Similarly, "[t]he Texas Labor Code does not contain any requirement that an aggrieved party explicitly challenge administrative findings as a prerequisite to judicial review." *Adams v. Liberty Mut. Ins. Co.*, No. 01-09-00178-CV, 2010 WL 143450, at *4 (Tex. App.—Houston [1st Dist.] Jan. 14, 2010, no pet.) (mem. op.); *see also In re Metro. Transit*, 334 S.W.3d at 811 (holding appeal's panel decision in favor of insured but leaving adverse finding of hearing officer undisturbed does not constitute adverse issue that insured was required to challenge before trial court). We hold that, under a plain reading of the workers' compensation statutory framework, "issues" does not refer to the fact findings by the hearing officer, but to the specific matters identified to be in dispute by the parties.

Zurich American relies on a number of cases for support for its arguments that Debose was required to challenge the hearing officer's adverse factual finding. *See TIG Premier Ins. Co. v. Pemberton*, 127 S.W.3d 270, 276 (Tex. App.—Waco

20

2003, pet. denied); *Krueger v. Atascosa Cnty.*, 155 S.W.3d 614, 619 (Tex. App.— San Antonio 2004, no pet.); *Lopez v. Zenith Ins. Co.*, 229 S.W.3d 775, 777 (Tex. App.—Eastland 2007, pet. denied).

As an initial matter, we note that, while both *Pemberton* and *Krueger* refer to the hearing officer's "findings," it does not appear that the courts are actually referring to the hearing officers' factual findings. Instead, the opinions indicate that the courts are referring to the hearing officers' final determinations on the issues before it. In *Pemberton*, the opinion does not identify what the specific issues raised by the parties were. The opinion does state, however, that the hearing officer "found that, although Pemberton did not show a causal relationship between the fall and [the contested injury], [the insurance company] waived any complaint" by not timely contesting the injury. *Pemberton*, 127 S.W.3d at 272. A determination of a causal relationship and a determination of waiver are not factual findings. Instead, they are ultimate determinations to be made from various factual findings. Viewed this way, *Pemberton* is in line with our holding.

The opinion in *Krueger* does state the issues raised by the parties. 155 S.W.3d at 616. The opinion then describes the hearing officer's final determinations for these issues as "findings." *Id.* In this context, however, it is apparent that, like *Pemberton*, the court was not referring the hearing officer's findings of fact, but the officer's ultimate determination of the issues.

21

In contrast to *Krueger* and *Pemberton*, the finding in *Lopez* that the court of appeals determined was waived was not one of the issues that was before the hearing officer. 229 S.W.3d at 777–78. Nevertheless, the court held that the insurance company had waived its right to challenge this finding because the insurance company did not challenge the finding before the administrative appeals panel. *Id.* at 778. In support of its holding, *Lopez* relies on *Krueger* and *Pemberton*. *Id.* Because we do not find *Krueger* and *Pemberton* to support *Lopez*'s reasoning, we decline to follow *Lopez*.

In the present case, there were two issues that were raised throughout the administrative process: (1) whether Zurich American had waived its right to challenge payment of treatment of Debose's degenerative joint disease based on the deadline to challenge compensability and (2) whether Debose's compensable injury extends to and includes degenerative joint disease of the right knee. It is apparent that the parties did not reach an agreement on these issues before the administrative review. They were then raised before the hearing officer at a contested case hearing.

Zurich American argues that it lost on the first issue but prevailed on the second one. It also claims that it only appealed the first issue. Zurich American argues that, because Debose lost on causation and did not seek review by the

administrative appeals panel, the hearing officer's determination on causation is binding. We must disagree with Zurich American's characterization of the facts.

We agree with Debose that she prevailed on both issues before the hearing officer. The hearing officer determined that Zurich American had waived its right to challenge payment of treatment of Debose's degenerative joint disease. He further determined that Debose's compensable injury extends to and includes degenerative joint disease of the right knee. These were the final determinations of the two issues before the hearing officer. We recognize, based on the hearing officer's findings of fact and conclusions of law, that it appears the hearing officer's basis for ruling in favor of Debose on extent of injury was based on his determination of waiver. Indeed, the findings of fact indicate that the hearing officer believed Zurich American's expert's claim that the compensable injury did not "sustain, worsen or accelerate degenerative arthritic conditions in her right knee." Nevertheless, we have held that there is no requirement to appeal findings of fact or conclusions of law in order to avoid waiver.

In fact, despite Zurich American's claims to the contrary, the record establishes that Zurich American appealed *both* issues to the appeals panel and then to the trial court.[4] In its petition to the trial court, Zurich American pleaded,

---

[4]     In its request for review before the appeals panel, Zurich American asserted it was appealing the hearing officer's third and fourth conclusions of law. These two conclusions of law are the same as the hearing officer's determination of the

23

[Zurich American] would respectfully show []to this honorable court that this decision, the basis of this appeal was in error by holding as follows:

> 1) [Zurich American] waived its right to dispute the compensability of the . . . degenerative joint disease . . . of the right knee by not timely contesting the injury in accordance with Tex. Labor Code Ann. Sections 409.021 and 409.022; and

> 2) The compensable injury extends to and includes . . . degenerative joint disease . . . of the right knee.

These are the two issues disputed by the parties during every stage of the administrative process. Once an issue is properly raised in the trial court, the underlying findings and conclusions of the hearing officer or appeals panel are not otherwise binding. *See* TEX. LAB. CODE ANN. §§ 410.303 (setting burden of proof by preponderance of evidence on party appealing appeals panel decision), 410.304 (Vernon 2006) (only requiring factfinder to be informed of appeals panel decision on each disputed issue); *Morales v. Liberty Mut. Ins. Co.*, 241 S.W.3d 514, 516 (Tex. 2007) (identifying method of review as modified de novo review).

Debose prevailed on both issues at the contested case hearing and before the appeals panel. Both of those issues were raised before the trial court. The trial court granted summary judgment on the issue of wavier, and we have reversed that

---

issues. Accordingly, we find no reason to conclude that Zurich American failed to exhaust its administrative remedies by appealing conclusions of law instead of the issues determined by the hearing officer. *See In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 306 (Tex. 2010) (holding appellate courts are required to determine whether subject-matter jurisdiction exists regardless of whether raised by parties).

determination.  Our determination on waiver is not dispositive of the extent of injury issue.  The extent of injury issue, then, is a live issue, and we must remand for further proceedings on it.

We overrule Zurich American's second issue.

## Conclusion

We reverse the trial court's grant of summary judgment in favor of Debose on the matter of waiver of compensability and render judgment in favor of Zurich American on that ground.  We further reverse the trial court's award of attorneys' fees in favor of Debose.  We remand the case to the trial court for further proceedings on the issue of extent of injury.


Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Sharp.